The STATE of Ohio, Appellee,

v.

CHALENDER, Appellant.

[Cite as *State v. Chalender* (1994), 99 Ohio App.3d 4.]

Court of Appeals of Ohio,
Champaign County.

No. 94 CA 25.

Decided Nov. 30, 1994.

Darrell L. Heckman, Champaign County Prosecuting Attorney, for appellee.

Suzy J. Fornof Lippencott, for appellant.

**6**

*Per Curiam.*

This matter is before the court on a motion filed by the state of Ohio seeking to dismiss this appeal for lack of jurisdiction as the order appealed is not a final order under R.C. 2505.02. Appellant is challenging the lower court's pretrial decision denying his motion for treatment in lieu of conviction under R.C. 2951.041. Appellant filed no response to the state's motion to dismiss. For the following reasons, we concur with the state and conclude that the order appealed is not a final order. Accordingly, we order this case dismissed.

▉▉▉ R.C. 2505.02 defines a "final order" as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, modified, or reversed, with or without retrial."

Thus, under R.C. 2505.02, there are conceptually three types of final orders. We need not concern ourselves with the third type of final order because an order denying treatment in lieu of conviction clearly does not vacate or set aside a judgment or grant a new trial. Neither does the order in effect determine an action and prevent a judgment. Our analysis, therefore, is limited to determining whether an order denying treatment in lieu of conviction affects a substantial right and is made in a special proceeding. We hold that it does not affect a substantial right.

The definition of a "special proceeding" under R.C. 2505.02 is in a state of some confusion in the aftermath of *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. In that decision, the Supreme Court of Ohio determined that "orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings[.]" *Id.* at syllabus. However, we need not determine whether an order denying treatment in lieu of conviction is an order entered in a special proceeding because we determine that such an order does not *affect* a substantial right.

▉▉▉ A substantial right has been defined as a right that is entitled to the enforcement or protection of law. See *North v. Smith* (1906), 73 Ohio St. 247, 249, 76 N.E. 619, 619; *In re Wyckoff's Estate* (1957), 166 Ohio St. 354, 358, 2 O.O.2d 257, 260, 142 N.E.2d 660, 664. However, whether a substantial right is *affected* by an order requires a more exacting inquiry than simply whether a substantial right is involved in an action. For an order to *affect* a substantial

right, the appellant must as a threshold matter establish that vindication of that right on appeal after final judgment is not available. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181. In other words, a substantial right is affected when, absent an immediate, albeit arguably interlocutory appeal, the impact of the order upon the appellant's legal rights cannot effectively be examined by the appellate court and appropriate relief granted if warranted. *Id.* at 63, 616 N.E.2d at 183–184. A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right.

In this case, appellant is challenging the trial court's decision denying him treatment in lieu of conviction. There is no showing, however, that appellant cannot obtain effective relief from that order on appeal after a judgment of conviction should we find the order denying treatment was erroneous and prejudicial to appellant's rights. Accordingly, we must conclude that a pretrial order denying treatment in lieu of conviction does not affect a substantial right. It is, therefore, not a final order over which we can exercise appellate jurisdiction.

For the reasons explained above, we sustain appellee's motion and order this appeal dismissed.

*Appeal dismissed.*

BROGAN, FAIN and FREDERICK N. YOUNG, JJ., concur.