DECISION JUDGMENT ENTRY
On January 4, 2001, this court filed an Entry ordering appellants to address the issue of this court's jurisdiction to hear this appeal because it appeared from the notice of appeal that the decision from which this appeal is taken may not be a final appealable order since the appeal is taken from the denial of a motion for summary judgment pursuant to R.C. 2744 et seq. Appellants and appellee both filed memoranda in support of their respective positions.
Appellants assert that the order from which this appeal is taken in a final appealable order because it is an order that affects a substantial right made in a special proceeding pursuant to R.C. 2505.02(B)(2). Appellee asserts that the denial of the motion for summary judgment does not affect a substantial right.
The proceeding below, a wrongful death action, is a special proceeding because a "special proceeding" as defined by R.C. 2505.02(A)(2) is an action or proceeding that is especially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
The wrongful death action was created by statute in 1851 and not recognized at common law. In re Estate of Pulford (1997),122 Ohio App.3d 92. See, also, Tignor v. Franklin County Board ofCommissioners (Apr. 27, 2000), Franklin App. No. 99AP-571, unreported.
We now must determine whether the denial of appellants' motion for summary judgment affected a substantial right. Appellants asserts that their immunity is a substantial right which was affected by the trial court's denial of their Motion for Summary Judgment. We disagree. A substantial right is not affected by an order, so as to be appealable, merely because an order has the immediate effect of restricting or limiting that right. State v. Chandler (1994), 99 Ohio App.3d 4. A substantial right is affected only where there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that presumably prejudiced a legally protected right. Id. An order that affects a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Medical Center (1993), 67 Ohio St.3d 60. Here, appellants would have an opportunity for appellate review after final judgment below.
Appellants assert that this appeal is taken pursuant to R.C.2505.02(B)(2). However, this appeal does not fall within the parameters of this statute. While the proceeding below is a special proceeding, the denial of a motion for summary judgment in which appellants assert immunity does not affect a substantial right.
Upon consideration, this court finds that R.C. 2505.02(B)(2) does not permit appellant to immediately appeal the trial court's denial of their motion for summary judgment. This court further finds that R.C. 2744.02(C) no longer provides a basis for this court's jurisdiction over the denial of a motion for summary judgment. See Skaggs v. Minford Local SchoolDistrict (Nov. 15, 2000), Scioto App. No. 00CA2723, unreported. See, also, Watters v. Ross County Children's Services (Feb. 18, 2000), Pickaway App. No. 99CA9, unreported; Fannin v. City of Portsmouth (Feb. 15, 2000), Scioto App. No. 99CA2661, unreported. Accordingly, this court lacks jurisdiction to consider this appeal.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellants costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ William H. Harsha, Judge
Abele, P.J. and Evans, J.: Concur