OPINION
{¶ 1} Appellants Daniel J. Russell and the City of Avon ("appellants") appeal the decision of the Stark County Court of Common Pleas that denied their motion for summary judgment as it pertains to the issue of sovereign immunity. The following facts give rise to this appeal.
 {¶ 2} This lawsuit is the result of an accident that occurred on March 4, 1998. On this date, a vehicle operated by Daniel Russell collided with Glen Pelc's vehicle when Russell turned his vehicle in front of Pelc's vehicle. As a result of the accident, Pelc sustained permanent injuries. At the time of the accident, Russell, a part-time employee for the City of Avon's Fire Department, was responding to an emergency call. Appellant Russell was driving his own vehicle, not an emergency vehicle owned or operated by the City of Avon. Russell's vehicle was not equipped with emergency lights or sirens.
 {¶ 3} Following the accident, Pelc filed an action, in the Stark County Court of Common Pleas, against Hartford Fire Insurance Company ("Hartford"), seeking UM/UIM coverage pursuant to the Ohio Supreme Court's decision in the Scott-Pontzer[1] case. Hartford insured Pelc's employer, Advanced Microfinish, Inc., a company located in Lorain County. Pelc sought coverage under the commercial automobile, general liability and umbrella policies Hartford issued to Advanced Microfinish, Inc.
 {¶ 4} In turn, Hartford filed a third-party complaint against Russell and the City of Avon on the basis that Russell and the City of Avon are responsible parties with liability limits in excess of Hartford's limits. Thereafter, Pelc amended his complaint to include direct claims against Russell and the City of Avon. Hartford cross-claimed.
 {¶ 5} Subsequently, Hartford, Russell and the City of Avon filed for summary judgment on the issue of immunity. Hartford sought summary judgment requesting the trial court to make a finding of no immunity, or at a minimum, that a genuine issue of material fact existed as to the issue of immunity. The trial court failed to rule on Hartford's motion. Russell and the City of Avon sought summary judgment requesting the trial court declare that they were entitled to immunity and that Hartford had no standing to bring a claim against Russell and the City of Avon. The trial court denied Russell's and the City of Avon's motion on this issue. It is from the denial of this motion that Russell and the City of Avon file their notice of appeal and set forth the following assignments of error for our consideration.
 {¶ 6} "I. The trial court erred in concluding that Daniel J. Russell, Jr. and the city of Avon are not immune under R.C. §§2744.02 and 2744.03 from all claims asserted against them.
 {¶ 7} "II. The trial court erred in concluding that Hartford Fire Insurance Co. had standing to bring its indemnification and contribution claims where Hartford was not a tortfeasor.
 {¶ 8} "III. The trial court erred in concluding that Daniel J. Russell, Jr. and the city of Avon are not immune under R.C. §§ 2744.03
and 2744.05 from Hartford Fire Insurance Co.'s subrogation claim."
 {¶ 9} Prior to addressing the merits of appellants' appeal, we find it necessary to determine whether the trial court's order denying appellants immunity under R.C. Chapter 2744 is a final appealable order. Section 3(B)(2), Article IV of the Ohio Constitution limits the appellate jurisdiction of the courts of appeals to the review of judgments and final orders of lower courts. Section 3(B)(2), Article IV provides:
 {¶ 10} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."
 {¶ 11} R.C. 2505.02(B) addresses what is a final order and provides, as follows:
 {¶ 12} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 13} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 14} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 15} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 16} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 17} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 18} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 19} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 20} The only section of R.C. 2505.02 that may arguably provide a basis for appellate jurisdiction is section (B)(2). In Polikoff v.Adam (1993), 67 Ohio St.3d 100, fn. 8, the Ohio Supreme Court stated that in considering whether a particular order affected a substantial right in a special proceeding, the reviewing court's analysis first focuses on the special proceeding portion of the inquiry. Only if it is first determined that an order was entered in a special proceeding is it necessary to go on to consider whether the order affected a substantial right.
 {¶ 21} According to Polikoff, we must first determine whether the trial court's order denying appellants' motion for summary judgment, as it pertained to the issue of sovereign immunity, was entered in a special proceedings. "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." Id. at syllabus. The Revised Code defines "special proceeding," in R.C.2505.02(A)(2) as "* * * an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." The record indicates this matter involves a declaratory judgment action. This court has previously determined that declaratory judgment actions are special proceedings. See Rimel v.Northland Ins. Co., Stark App. No. 2001CA00177, at 2, 2001-Ohio-1749.
 {¶ 22} We therefore must next determine whether the trial court's order affects a substantial right of appellants. A "substantial right" is defined, in the Revised Code, as "* * * a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). In Mazurek v. Hoover, Pickaway App. No. 00 CA 50, 2001-Ohio-2362, the Fourth District Court of Appeals addressed the issue of whether sovereign immunity is a substantial right which may be affected by the denial of a motion for summary judgment. The court explained:
 {¶ 23} "A substantial right is not affected by an order, so as to be appealable, merely because an order has the immediate effect of restricting or limiting that right. State v. Chandler (1994),99 Ohio App.3d 4. A substantial right is affected only where there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that presumably prejudiced a legally protected right. Id. An order that affects a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Medical Center (1993),67 Ohio St.3d 60. Here, appellants would have an opportunity for appellate review after final judgment below." Id. at 1.
 {¶ 24} We agree with the Fourth District Court of Appeals' decision and conclude appellants' immunity is not a "substantial right" which was affected by the trial court's denial of their motion for summary judgment in which they sought immunity under R.C. Chapter 2744. We conclude, pursuant to R.C. 2505.02(B), appellants' appeal of the trial court's denial of their motion for summary judgment is not a final appealable order. Although the trial court's order was entered in a special proceeding, it did not affect a substantial right of appellants.
 {¶ 25} We also conclude R.C. 2744.02(C) no longer provides a basis for our jurisdiction over the denial of a motion for summary judgment. The Ohio Supreme Court recently addressed this issue in Stevens v.Ackman, 91 Ohio St.3d 182, 2001-Ohio-249, and held that, "R.C. 2744.02(C), as purportedly enacted in 1996 Am.Sub.H.B. No. 350, is invalid. R.C.2744.02(C) was neither enacted nor reenacted by 1997 Am.Sub.H.B. No. 215." Id. at paragraph two of the syllabus.
 {¶ 26} As this court lacks jurisdiction to address the merits of appellants' First, Second and Third Assignments of Error, appellants' appeal is hereby dismissed.
By: Wise, J., Hoffman, P.J., and Edwards, J., concur.
Topic: Denial of Motion for Summary Judgment.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.