DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court, Probate Division judgment. The court (1) found that Howard E. Tewksbury, Jr., defendant below and appellant herein, concealed and embezzled property from his late father's estate, and (2) ordered appellant to either restore the property or make restoration in kind, "together with the rents and profits from the same."
 {¶ 2} Appellant assigns the following errors for review and determination:[2]
FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION IN DETERMINING GUILT WHEN THE COMPLAINANTS/APPELLEES FAILED TO PRESENT A PRIMA FACIE CASE."
SECOND ASSIGNMENT OF ERROR
THE FINDINGS AND CONCLUSIONS OF LAW AND JUDGMENT OF THE TRIAL COURT ARE NOT SUSTAINED BY THE EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} Howard E. Tewksbury, Sr. died intestate on October 23, 1999. He left eight children and several grandchildren as his next of kin. The following year two sons, Harley Tewksbury and appellant, applied to administer the estate. Appellant later withdrew his application and the court appointed Harley Tewksbury as administrator.
 {¶ 4} On April 15, 2001, a complaint charged appellant with concealing or embezzling estate assets including tools, farm equipment, motor vehicles and cattle. The trial court conducted a hearing on the complaint, but did not render a decision. The estate and various heirs filed an amended ten "count" complaint on September 8, 2003 and charged that appellant, Beatrice Wishart and Christopher Eugene Tewksbury possessed estate assets.[3] The gist of the original complaint, concerning concealed or embezzled estate property, is set out in count nine. Appellant denied liability and set forth various affirmative defenses.
 {¶ 5} At the pretrial conference the parties agreed to submit the matter on written briefs and the evidence presented at the 2001 hearing. In addition to arguing the merits of the claim(s), appellant's brief also asserted that the Probate Court lacked jurisdiction to consider most of the claims in the amended complaint because they dealt with transfer of assets that occurred prior to the decedent's death.
 {¶ 6} On September 14, 2004, the Probate Court found in favor of plaintiffs on count nine. The court noted that it had jurisdiction under R.C. 2109.50 to recover assets that belong to the estate and, on the basis of evidence adduced at the 2001 hearing, appellant possessed various assets that he must return to the estate. The court further determined that the amended complaint's remaining issues must be pursued in the General Division.
 {¶ 7} Subsequently, the trial court issued its Judgment and (1) found that appellant embezzled or concealed various estate assets[4] and (2) issued the following order regarding property disposition:
"It is, therefore . . . adjudged that Harley Tewksbury, Administrator of the estate of Howard E. Tewksbury, Sr., deceased; recover against Howard E. Tewksbury, Jr., all those items set forth above, or restoration in kind of the same, together with the rents and profits from the same. In the event Howard E. Tewksbury, Jr., shall not return the specific things so concealed or make restoration in kind forthwith, together with rents and profits of the same, this cause shall come on for further hearing on the value of those items not so returned or restored, and the rents and profits of the same.
It is further [o]rdered that Harley Tewksbury, Administrator of the estate of Howard E. Tewksbury, deceased, recover against Howard E. Tewksbury, Jr. the costs of this proceeding taxed at $____, together with the cost of the transcript of the proceedings held on May 24, 2001, which cost amounts to $348.00."
 {¶ 8} On March 14, 2005, the Probate Court ordered the remaining counts (counts one through eight and count ten) transferred to the General Division for further proceedings. This appeal followed.
 {¶ 9} Before we review the merits of the assignments of error, we must initially resolve a threshold jurisdictional problem. Ohio courts of appeals have appellate jurisdiction over final orders. Section 3(B)(2), Article IV, Ohio Constitution. A final order is one that, inter alia, affects a substantial right and is entered in a special proceeding. R.C.2505.02(B)(2).[5] If a judgment does not meet R.C. 2505.02
requirements, an appellate court does not have jurisdiction and the appeal must be dismissed. See e.g. Prod. Credit Assn. v.Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360 at fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501,617 N.E.2d 701.
 {¶ 10} Our review reveals that the March 14, 2005 judgment contemplates further action that it does not constitute a final appealable order. First, we note that the order makes appellant liable to the estate for any "rents and profits" from the property, but does not include a specific monetary amount under that finding. This is analogous to finding a party liable for damages but not determining the amount of those damages. Generally, this makes a judgment interlocutory.[6] Second, we note that the order directs appellant to return the assets specified in the order or, if he no longer possesses the assets, to make "restoration in kind." Thus, if any of the assets have worn out (e.g. tools or farm equipment), have been lost or sold (e.g. cattle), it will be necessary to affix a value to those items for which appellant will be liable to the estate. As we note above, a judgment in a special proceeding is final if itaffects a substantial right. See R.C. 2505.02(B)(2). An orderaffects a substantial right if it is one which, if not appealable, would foreclose appropriate relief in the future.Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63,616 N.E.2d 181. To show that an order affects a substantial right, it must be clear that, in the absence of immediate review, the appellant will be denied effective future relief. See Konoldv. R.W. Sturge, Ltd. (1996), 108 Ohio App.3d 309, 311,670 N.E.2d 574; Rhynehardt v. Sears Logistics Services (1995),103 Ohio App.3d 327, 330, 659 N.E.2d 375; Kelm v. Kelm (1994),93 Ohio App.3d 686, 691, 639 N.E.2d 842. It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order. State v. Chalender (1994),99 Ohio App.3d 4, 6-7, 649 N.E.2d 1254.
 {¶ 11} In the case sub judice, we do not believe that a substantial right has been affected. Appellant may appeal the judgment once the Probate Court has determined (1) whether and in what amount he owes for restitution, and, (2) how much rents and/or profits he owes on the assets that he has kept from his father's estate for nearly five years. Thus, because we find that the March 15, 2004 judgment does not affect a substantial right, it is not a final appealable order and we have no jurisdiction to review it. Accordingly, the instant appeal must be dismissed.
 {¶ 12} Our disposition of this case is buttressed by one further consideration as well. R.C. 2109.52 provides:
"When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. The probate court may issue a citation into any county in this state, which citation shall be served and returned as provided in section 2109.50, requiring any person to appear before it who claims any interest in the assets alleged to have been concealed, embezzled, conveyed, or held in possession and at such hearing may hear and determine questions of title relating to such assets. In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state [sic], against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession,together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section." (Emphasis added.)
 {¶ 13} Our colleagues on the Butler County Court of Appeals have held that the statute's penalty provisions are mandatory and, if a penalty is not imposed, no final order exists to be reviewed. See In re Estate of Meyer (1989), 63 Ohio App.3d 454,457-458, 579 N.E.2d 260. We note that the judgment entered in the case sub judice likewise imposes no penalty. Thus, under Meyer
the judgment herein does not constitute a final appealable order.[7]
 {¶ 14} For these reasons, we conclude that at the present time we are without jurisdiction to review this matter and the case is hereby dismissed.
APPEAL DISMISSED.[8]
 JUDGMENT ENTRY
It is hereby ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[2] Although the brief purports to be that of the "appellants" (in the plural), Howard E. Tewksbury, Jr. is the only party specified in the notice of appeal. Thus, we treat him as the sole appellant in the case.
[3] The relationship between these parties is not clear from the record, but it appears that Beatrice Wishart is appellant's fiancé and Christopher Eugene Tewksbury is his son.
[4] Those assets included "[m]ultiple hand tools; auger for tractor; 2 Pouland chain saws; several other chain saws; multiple power tools; 3-pt. hay fork; several plows; 3 discs; 7-ft bush hog; `Bush Hog' mowing machine; round bailer; square bailer; Kubota tractor with front loader and backhoe; Honda 200 4-wheeler; log splitter; Allis Chalmers diesel tractor; several Allis Chalmers WD 45 tractors; Dodge pickup; safe; stock trailer; cattle; motor home; corn planter."
[5] This Court has previously analyzed probate proceedings generally, and R.C. 2109.50 actions specifically, as a "special proceeding" under R.C. 2505.02(B)(2). See In re Estate ofClapsaddle (1992), 79 Ohio App.3d 747, 753-754, 607 N.E.2d 1148;In re Estate of Knauff (May 27, 1997), Adams App. No. 96CA623. We continue to do so here although we acknowledge that other courts have concluded that estate proceedings existed at common law and, thus, are not "special proceedings" as defined by statute. See generally In re Estate of Pulford (1997),122 Ohio App.3d 88, 701 N.E.2d 55; In re Estate of Endslow (Apr. 12, 2000), Delaware App. No. 99CA-F-07-37: In re Estate of Packo
(Feb. 15, 2000), Lucas App. No. L-99-1350. In any event, we would reach the same result in this case under any prong of R.C.2505.02.
[6] See Hitchings v. Weese, 77 Ohio St.3d 390, 391,1997-Ohio-290, 674 N.E.2d 688, (Resnick, J. Concurring); also seeMcKee v. Inabnitt, Adams App. No. 01CA711, 2001-Ohio-2595;Miller v. Biggers, Scioto App. No. 00CA2751, 2001-Ohio-2544.
[7] The specific penalty provision at issue in Meyer appears later in R.C. 2109.52 and deals with fiduciaries who embezzled from the estate. Although the penalty provision at issue in this case addresses those other than the fiduciary who embezzle, we see no reason why the same principle would not apply here.
[8] We further note that, ironically, our dismissal of this appeal appears to have unintentionally assisted appellant. The Probate Court issued its judgment on March 14, 2005. If this judgment had contained a final order, appellant would have had thirty (30) days to file his notice of appeal. See App.R. 4(A). Thus, appellant had until April 13, 2005 to file his notice of appeal. The Probate Court time stamp on his notice of appeal in the original papers of this case bears a date of April 15th which is two days past that deadline. Although appellant's notice of appeal does bear a time stamp from the clerk of the Court of Appeals dated April 13th, this would not have preserved his right to appeal the judgment. To be effective, the notice of appeal must be filed "with the clerk of the trial court within the time allowed by Rule 4." (Emphasis added.) App.R. 3(A). Appellant may have filed his notice of appeal with the appellate court within rule, but it does not appear that he filed it with the Probate Court within rule. Given that the time limits of App.R. 4 are jurisdictional, State, ex rel. Boardwalk Shopping Center,Inc. v. Court of Appeals for Cuyahoga Cty. (1990),56 Ohio St.3d 33, 36, 564 N.E.2d 86; Kaplysh v. Takieddine (1988),35 Ohio St.3d 170, 519 N.E.2d 382, at paragraph one of the syllabus, this would have required us to dismiss his appeal and appellant would not have had the opportunity to seek review of the March 13, 2005 judgment. Thus, because that order is not a final appealable order, appellant may preserve his right to appellate review by filing a notice of appeal within the time limit after the trial court issues a final appealable order.