[Cite as *Matheus v. Matheus*, 2015-Ohio-3993.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | | JUDGES: |
|---|---|---|
| MICHELLE MATHEUS, | : | Hon. W. Scott Gwin, P.J. |
| ADMINISTRATOR OF THE ESTATE | : | Hon. Sheila G. Farmer, J. |
| OF: JOAN MATHEUS, DECEASED | : | Hon. Patricia A. Delaney, J. |
|  | : | |
| Plaintiff-Appellant | : | |
|  | : | Case No. 15-COA-002 |
| -vs- | : | |
|  | : | |
| JOYA MATHEUS, ET AL | : | O P I N I O N |
|  | | |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:        Civil appeal from the Ashland County Court
of Common Pleas, Probate Division, Case
No. 2013-1144A

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:         September 28, 2015

APPEARANCES:

Plaintiff-Appellant                For Defendants-Appellees
MICHELLE MATHEUS                   RICHARD J. MARCO
628 Marquis Ave.                   52 Public Square
Mansfield, OH  44907               Medina, OH 44256

*Gwin, P.J.*

{¶1} Plaintiff-appellant appeals the December 12, 2014 judgment entry of the Ashland County Court of Common Pleas, Probate Division.

*Facts & Procedural History*

{¶2} Joan Matheus ("decedent") died on May 19, 2013. Decedent had two daughters, appellant Michelle Matheus and appellee Joya Matheus. Appellant filed an application to administer decedent's estate on July 15, 2013, and indicated decedent died without a will. Appellant was appointed administrator of decedent's estate on August 28, 2013 in an estate case, Case Number 2013-1144. After a request by appellant, the trial court granted a temporary restraining order in the estate case, providing that: no parties shall sell, transfer, gift, encumber, destroy, or tamper with any estate property; the same applied to all bank and other accounts; any order also applies to appellee Keith Deimling (husband to Joya); Joya must submit an accounting of monies; Joya must produce records of estate property sale; and Joya must produce copies of the Trust, will of Virgil (father), will of Joan, and power of attorney.

{¶3} On August 6, 2013, appellee Joya Matheus filed an application to file the will for record only. As the trial court noted in a judgment entry in the estate case in August of 2013, the last will and testament filed by appellee in the estate case named appellee the executrix of decedent's estate. At that time, appellee did not file for appointment as executrix because she stated that no probate assets existed, so there was no reason to file for the administration of an estate. However, during the hearing on the concealment complaint, counsel for Joya stated that Joya intended to file an

application for administration with will annexed after the hearing so that the trial court could determine whether the will is valid.

{¶4} On March 24, 2014, appellant filed a concealment complaint against Joya and her husband, appellee Keith Deimling, Case Number 2013-1144A. Appellant alleged that the assets in question were known to be in the hands of Joya and Keith and appellees have failed to deliver and/or return and/or account for the following assets: proceeds of an investment account of $42,000; items of person property; and proceeds from the sale of items of personal property. Appellees filed an answer on April 25, 2014. On July 29, 2014, the trial court conducted a hearing on the concealment complaint and Joya's motion to remove appellant as administratrix in the estate case.

{¶5} The trial court issued a judgment entry in the concealment action on December 12, 2014. The trial court stated that while the will of decedent had not yet been admitted to probate, the document has been filed with the court, who is "not inclined to simply blindly proceed as if it does not exist." The trial court found appellees not guilty of concealment. The trial court finally stated that, in the estate case, it has issued orders prohibiting a sale or transfer of the property in which decedent may have an interest.

{¶6} Appellant appeals the December 12, 2014 judgment entry of the Ashland County Court of Common Pleas, Probate Division, and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONSIDERED EVIDENCE OF THE EXISTENCE AND CONTENT OF A WILL AS AN EXCUSE OR MITIGATION FOR UNCONTROVERTED CONDUCT THAT UNQUESTIONABLY CONSTITUTED A CONCEALMENT OF ESTATE ASSETS.

{¶8} "II. THE TRIAL COURT ERRED WHEN IT RELIED ON AND APPEARS TO HAVE ADOPTED CONCLUSORY LEGAL STATEMENTS MADE BY JOYA MATHEUS CONCERNING THE EXISTENCE OF NON-EXISTENCE OF PROBATE ASSETS IN LIEU OF ALLEGATIONS OF FACTS WHICH WOULD LOGICALLY LEAD TO THIS DETERMINATION.

{¶9} "III. THE TRIAL COURT ERRED WHEN IT FOUND THAT MICHELLE MATHEUS HAD NOT MET HER BURDEN OF PROOF IN THE CONCEALMENT ACTION, AS SUCH FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY ANY COMPETENT, CREDIBLE EVIDENCE."

*Final Appealable Order*

{¶10} As a preliminary matter, we must first determine whether the order under review is a final, appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972). As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final and appealable order. See *Moscarello v. Moscarello*, 5th Dist. Stark No. 2014CA00181, 2015-Ohio-654.

{¶11} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2502.02(B) provides the following, in pertinent part:

(B)  An order is a final order that may be reviewed, affirmed, modified, or reversed, without or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. * * *

{¶12}  To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if multiple claims and/or multiple parties are at issue and the order does not enter judgment on all the claims and/or as to all parties, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." *Int'l. Brotherhood of Electrical Workers, Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 101.  However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

{¶13} In this case, the order complies with R.C. 2502.02, as a concealment action is a special proceeding and affects a substantial right.  *In re Estate of Tewksbury*, 4th Dist. No. 05CA741, 2005-Ohio-7107.

{¶14}  However, we find that, based upon the language utilized in the judgment entry, Civil Rule 54(B) is not met in this case as the concealment action is intertwined with the estate case.  The trial court specifically stated that it could not "blindly proceed" as if the will of decedent, which had not yet been admitted to probate, does not exist

and based its decision in the concealment action directly upon the existence of the will and the fact that the temporary restraining order is still in place in the estate case. However, in the estate case, multiple issues that have the potential to directly affect the concealment action and the trial court's rationale in its decision therein remain pending, such as the motion to remove appellant as administrator, the question of whether there are any estate assets that are capable of being concealed, the validity of the will, whether the trial court accepts and/or disposes of Joya's application for administration with will annexed, and the resolution of the restraining order. Accordingly, there are issues unresolved and further action is necessary in the administration of the estate case before review of the concealment action.

{¶15} While the trial court's judgment entry states that "this is a final appealable order," we note, as is stated above, that this language by a trial court "is not a mystical incantation which transforms a non-final order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989); *Pettit v. Glenmoor Country Club, Inc.*, 5th Dist. Stark No. 2012-CA-00088, 2012-Ohio-5622.

{¶16} Based on the foregoing, the judgment appealed from is not a final, appealable order and this Court, therefore, lacks jurisdiction to address the assignments of error.  Accordingly, the appeal is dismissed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur