[Cite as *In re Estate of Notarian*, 2022-Ohio-2927.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

IN THE MATTER OF:

THE ESTATE OF ANTHONY
NOTARIAN, DECEASED

CASE NO. 2022-G-0019

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2020 PC 000280

## M E M O R A N D U M
## O P I N I O N

Decided: August 22, 2022
Judgment: Appeal dismissed

*Matthew Rolf*, Matt Rolf Attorney, LLC, 13111 Shaker Square, Suite 304, Cleveland, OH
44120 (For Plaintiff-Appellee).

*Jonathan P. Blakely*, P.O. Box 217, Middlefield, OH  44062 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1}    On April 13, 2022, appellants, Gino Notarian, individually and as Trustee for
the Gino Notarian Family Trust, Liana K. Gigliotti, individually and as Trustee for the Gino
Notarian Family Trust, and Joe Notarian, filed an appeal from two entries:  one denying
their motion to enforce a settlement agreement and the other granting the motion for
partial summary judgment filed by appellee, Maria Scalzo, and ordering certain real estate
be returned to the probate estate.

{¶2}    The docket reveals that appellee, who is the executrix of the Estate of
Anthony Notarian, filed an action against appellants for concealment and embezzlement.

The matter was referred to mediation.  Appellants filed a motion to enforce the settlement agreement, and appellee filed a motion for partial summary judgment.  In a March 14, 2022 entry, the trial court found that no settlement agreement had been reached, and in a March 16, 2022 entry, the trial court ordered that 4 parcels of real estate be transferred back to the Estate of Anthony Notarian.

{¶3}  On April 26, 2022, appellee filed a motion to dismiss the appeal for lack of a final appealable order.  Appellee posits the appealed entries are interlocutory and contemplate further proceedings.  Appellants filed a response in opposition to the motion to dismiss on May 18, 2022, alleging the orders are final because they were issued in a special proceeding and substantial rights were affected.

{¶4}  We must determine if there is a final order, as this court may entertain only those appeals from final judgments.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).  *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5}  R.C. 2505.02(B) defines a final order as one of the following:

{¶6}  "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

2

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} For R.C. 2505.02(B)(1) to apply to the appealed entry, it must affect a substantial right, determine the action, and prevent further judgment. Here, the entry does not fit into this category.

{¶17} It is clear there is no entry vacating a judgment, granting a provisional remedy, dealing with a class action, determining the constitutionality of Am. Sub. S.B.

3

281 or Sub. S.B. 80, or dealing with an appropriation proceeding. Therefore, R.C. 2505.02(B)(3)-(7) do not apply.

{¶18} Since this case involves a concealment action, it is a "special proceeding" for purposes of R.C. 2505.02(B)(2). *Swift v. Gray,* 11th Dist. Trumbull No. 2006-T-0106, 2007–Ohio–2302, ¶ 7. As such, any judgment issued could constitute a final appealable order if it affected any substantial right of appellants. *Id.*

{¶19} R.C. 2505.02(A)(1) defines a "substantial right" as any right that a person is legally entitled to enforce under the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure.

{¶20} Although this matter involves a concealment action under R.C. 2109.50, the judgments on appeal did not affect a substantial right. Appellants may appeal the judgment once the Probate Court determines whether, and in what amount, restitution is owed and whether any rents or profits are owed on the assets that were kept from the estate. *See In re Estate of Tewksbury*, 4th Dist. Pike No. 05CA741, 2005-Ohio-7107, ¶ 11. Furthermore, the trial court has made no determination on the embezzlement claim. Thus, R.C. 2505.02(B)(2) does not apply.

{¶21} Based on the foregoing, appellee's motion to dismiss is hereby granted. This appeal is dismissed for lack of a final appealable order.

{¶22} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs with Concurring Opinion.

4

Case No. 2022-G-0019

_____

THOMAS R. WRIGHT, P.J., concurs with Concurring Opinion.

{¶23} I write separately to express my rationale for dismissal.

{¶24} "R.C. 2109.50 provides for a special statutory proceeding to discover concealed assets of an estate." *Pirock v. Crain*, 2020-Ohio-869, 152 N.E.3d 842, ¶ 64 (11th Dist.), citing *In re Estate of Fife*, 164 Ohio St. 449, 453, 132 N.E.2d 185 (1956). "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine * * * whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, personal property, or choses in action of the estate * * *." R.C. 2109.52. "If the person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind." *Id.* "*In all cases*, * * * *the probate court shall* render judgment in favor of the fiduciary * * * against the person found guilty, for the amount of the moneys or the value of the personal property or choses in action concealed, embezzled, conveyed away, or held in possession, *together with ten per cent penalty and all costs of the proceedings or complaint*; except that the judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section." (Emphasis added.) *Id.*

5

Case No. 2022-G-0019

**{¶25}** A judgment in a special proceeding, such as here, is final if it "affects" a substantial right. R.C. 2505.02(B)(2). An order "affects" a substantial right if it is "one which, if not immediately appealable, would foreclose appropriate relief in the future." (Citations omitted.) *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). "To show that an order *affects* a substantial right, it must be clear that, in the absence of immediate review, the appellant will be denied effective future relief." (Citations omitted; emphasis sic.) *In re Estate of Tewksbury*, 4th Dist. Pike No. 05CA741, 2005-Ohio-7107, ¶ 10. "It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no future opportunity to provide relief from the allegedly prejudicial order." (Citation omitted.) *Id.*

**{¶26}** Here, the probate court's judgment granting partial summary judgment in favor of plaintiff does not constitute a final appealable order because it contemplates further action. First, it grants sixty days within which the executrix is to attempt to reach a settlement or resolution with the homeowners of certain real property belonging to the deceased's estate. Second, it makes appellant liable to the estate for any "rental income subject to these proceedings be returned to the estate," to be determined at the time the properties are returned to the estate. Therefore, the order does not include a specific monetary amount of damages. Third, the court orders "that any penalty associated with R.C. 2109.50, costs of the proceedings or complaint, including reasonable attorney fees, be determined at a later hearing date." "This is analogous to finding a party liable for damages but not determining the amount of those damages. Generally, this makes a judgment interlocutory." (Citations omitted.) *Tewksbury* at ¶ 10. More specifically, "the statute's penalty provisions are mandatory and, if a penalty is not imposed, no final order

6

exists to be reviewed." *Id.* at ¶ 13, citing *In re Estate of Meyer*, 63 Ohio App.3d 454, 457-458, 579 N.E.2d 260 (12th Dist.1989); *see also In re Estate of Atkinson*, 9th Dist. Wayne No. 09CA0062, 2010-Ohio-4065, ¶ 19, quoting *Hawkins v. Innovative Property Mgt.*, 9th Dist. Summit No. 22802, 2006-Ohio-394, ¶ 5 (where the probate court failed to order the imposition of the mandatory statutory penalty relevant to concealment cases, the judgment failed to "'contain a statement of the relief that is being afforded the parties'" and there was no final appealable order).

{¶27} For these reasons, the probate court's judgment is not a final appealable order, and we are without jurisdiction to review this matter at the present time. Appellant may appeal the judgment once the probate court has determined the amount of damages and assessed the mandatory ten percent penalty, as stated in R.C. 2109.52. *See Tewksbury* at ¶ 14. Additionally, pursuant to the probate court's order of April 19, 2022, the transfer or conveyance of the real property to the estate, as well as of monetary/financial assets subject to the litigation, have been stayed pending this appeal.

{¶28} Accordingly, I concur with the majority.

7