OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Clinton County Court of Common Pleas granting defendant-appellee, Bryan K. Casto's, motion for intervention in lieu of a conviction for drug possession. For the reasons discussed below, we affirm the decision of the trial court.
 {¶ 2} On September 20, 2007, appellee was indicted on one count of possession of *Page 2 
cocaine in violation of R.C. 2925.11, a felony of the fifth degree. Appellee pled not guilty to the charge and filed a motion for intervention in lieu of conviction on January 31, 2008. Appellee argued that he was eligible to participate in a drug intervention program pursuant to R.C. 2951.041 because he had no prior felony arrests or convictions, and had not previously entered a drug treatment or diversion program.
 {¶ 3} According to the record, the trial court held an initial hearing on appellee's motion on May 13, 2008.[1] The state opposed appellee's request, arguing that he was ineligible for intervention because he had a previous military court-martial for a drug-related offense. At a subsequent hearing on August 7, 2008, the trial court granted appellee's motion. Based on the evidence before the court, [2] as well as its interpretation of R.C. 2951.041, (that it has no `equivalency' provision) the court determined that a military court conviction for a drug offense was not a "felony" under the intervention statute.
 {¶ 4} Appellee withdrew his previous plea and entered a guilty plea to the cocaine possession charge. The trial court stayed all further criminal proceedings and imposed an initial two-year period of rehabilitation upon appellee to be completed under the supervision of the court's probation department.
 {¶ 5} The state appealed the trial court's decision, and advances the following sole assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION."
 {¶ 7} Intervention in lieu of conviction is a proceeding governed by R.C. 2951.041. *Page 3 
Division (A)(1) of the statute provides, in part, that "[i]f an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction." In enacting R.C. 2951.041, "the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." State v. Shoaf (2000),140 Ohio App.3d 75, 77, citing State v. Baker (1998), 131 Ohio App.3d 507, 510. Division (B) of the statute establishes the eligibility requirements for participation in the proceeding, one of which is that the offender must not previously have been convicted of or pleaded guilty to a felony. See R.C. 2951.041(B)(1).
 {¶ 8} As an initial matter, at oral argument we raised the issue of whether the trial court's entry granting intervention constituted a final order subject to our review. In response, appellee submitted the case of State v. Dempsey, Cuyahoga App. No. 82154, 2003-Ohio-2579. InDempsey, the Eighth District Court of Appeals concluded that because a trial court's award of intervention in lieu of conviction is discretionary in nature, it does not affect a "substantial right" of a defendant under R.C. 2505.02, and is therefore not a final order subject to appellate review. Id. at ¶ 7. The Second District Court of Appeals has similarly determined that a pretrial order denying intervention in lieu of conviction does not affect a substantial right of a defendant under R.C. 2505.02 and may not be reviewed on appeal. See State v.Chalender (1994), 99 Ohio App.3d 4, 7.
 {¶ 9} It is well-established that appellate courts have jurisdiction to review only final appealable orders from lower courts. See In reAdams, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 26. A final appealable order is one that, as noted by the court in Dempsey, affects a substantial right of a party. 2003-Ohio-2579 at ¶ 6. "A substantial right is defined in *Page 4 
R.C. 2505.02 as `a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.' It is essentially a legal right that is enforced and protected by law." Dempsey at ¶ 8, quoting State v.Coffman, 91 Ohio St.3d 125, 2001-Ohio-273.
 {¶ 10} We conclude that Dempsey and Chalender are distinguishable from the case at bar. In this case, it is not a substantial right of appellee, but that of the state which is affected by the trial court's decision granting appellee's request for intervention in lieu of conviction. If the state is prohibited from appealing the decision, it is without further recourse to challenge the propriety of the trial court's order. R.C. 2951.041(E) provides that upon successful completion of an intervention program, the criminal proceedings against an offender must be dismissed. As a result, we conclude that the trial court's entry granting intervention in lieu of conviction affects the substantial right of the state to prosecute its criminal cases and is therefore a final order subject to appellate review under R.C. 2505.02. SeeState v. Fisher (Apr. 21, 1998), Seneca App. No. 13-97-40,1998 WL 195678 at *2.
 {¶ 11} With respect to the merits of the state's argument, the trial court determined that appellee was eligible for intervention in lieu of conviction, in part, because he had not been convicted of or pleaded guilty to a felony. See R.C. 2951.041(B)(1). According to the state, appellee's prior military conviction for a drug-related offense is equivalent to a felony under the statute. Based on this interpretation, the state argues that the trial court improperly concluded that appellee was ineligible for intervention.
 {¶ 12} Generally, a trial court's decision relative to an offender's motion for intervention in lieu of conviction is reviewed under an abuse of discretion standard. See State v. Flanagan, Butler App. No. CA2002-05-120, 2003-Ohio-1444, ¶ 8, citing State v. Gadd (1990),66 Ohio App.3d 278, 283. However, a trial court's interpretation and application of the statutory eligibility requirements for intervention is a matter of law subject to a de novo *Page 5 
review. State v. Geraci, Franklin App. No. 04AP-26, 2004-Ohio-6128, ¶ 5, citing State v. Sufronko (1995), 105 Ohio App.3d 504, 506.
 {¶ 13} The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute.State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11. (Citations omitted.) This court must first look to the plain language of the statute to determine the intent. State ex rel. Burrows v. Indus.Comm., 78 Ohio St.3d 78, 81, 1997-Ohio-310. When the statute's meaning is unambiguous and definite, we apply the statute as written and no further interpretation is necessary. Id. Ambiguity exists where the statute's language is susceptible to more than one reasonable interpretation. Bailey v. Republic Engineered Steels, Inc.,91 Ohio St.3d 38, 40, 2001-Ohio-236.
 {¶ 14} We find that the language of the statute is not reasonably susceptible to the interpretation advanced by the state. R.C. 2951.041(B)(1) plainly and unambiguously states that an offender is eligible for intervention in lieu of conviction if the court finds, inter alia, that "[t]he offender previously has not been convicted of orpleaded guilty to a felony, * * *." (Emphasis added.) In light of the other eligibility requirements enumerated in divisions (B)(1)-(9) of the statute, if the legislature had intended a military conviction for a drug-related offense to be `equivalent' to a felony for purposes of intervention eligibility, it could have included this or similar language in the statute.[3] R.C. 2951.041, as written, does not include such a provision. If we were to construe the statute as providing that a military conviction is `equivalent' to a felony, we would be inserting words into the statute. This we cannot do. SeeCleveland Elec. Illum. Co. v. Cleveland (1988), 37 Ohio St.3d 50, paragraph three of the *Page 6 
syllabus. We are instead required to give effect to the words used by the legislature. Id.
 {¶ 15} Based on the foregoing, we conclude that the trial court did not err in determining that appellee was eligible for intervention in lieu of conviction under R.C. 2951.041 and, therefore, the trial court did not abuse its discretion in granting appellee's motion. The state's assignment of error is therefore overruled.
 {¶ 16} Judgment affirmed.
WALSH, P.J., and BRESSLER, J., concur.
[1] The record does not contain a transcript of the May 13, 2008 hearing. Therefore, we will presume the regularity of the trial court's proceedings on that date. See State v. Ballinger, Warren App. No. CA2003-07-069, 2004-Ohio-4984, ¶ 7.
[2] Although the state has attached purported documentation of appellee's military court-martial proceedings to its appellate brief, it does not appear that these documents were presented to the trial court and are therefore outside the record on appeal. See App. R. 9(A).
[3] We note that references to military court convictions are included in other sections of the Ohio Revised Code. See, e.g., R.C. 2950.01(A)(11), defining the term "sexually oriented offense" to include "any existing or former law applicable in a military court * * *." See, also, R.C. 2950.04(A)(4), requiring "each person who is convicted, pleads guilty, or is adjudicated a delinquent child in a court in another state, in a * * *, military court," to register as a sex offender or child-victim offender. *Page 1