[Cite as *State v. Crawford*, 2013-Ohio-2280.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-10-034 |
| | : | O P I N I O N |
| - vs - | | 6/3/2013 |
| | : | |
| NORMAN D. CRAWFORD, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 12 CRI 00053

Jess C. Weade, Fayette County Prosecuting Attorney, 110 East Court Street, Washington Court House, Ohio 43160, for plaintiff-appellee

John H. Roszmann, 321 East Court Street, P.O. Box 475, Washington Court House, Ohio 43160, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Norman Crawford, appeals a decision of the Fayette County Court of Common Pleas denying his motion for intervention in lieu of conviction (ILC) without first holding a hearing.

{¶ 2} Crawford was indicted on two counts of improperly handling firearms in a motor vehicle after he possessed a handgun while driving intoxicated. Crawford moved the court

for ILC, but the trial court denied Crawford's motion without holding a hearing. Crawford pled no contest to the charges, the trial court found him guilty of both counts, and the charges were merged because they were allied offenses. The trial court sentenced Crawford to two years of community control. Crawford then moved the trial court to reconsider its decision to deny his motion for ILC, and the trial court declined to do so. Crawford now appeals the trial court's decision, raising the following assignment of error.

{¶ 3} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION FOR INTERVENTION IN LIEU OF CONVICTION WITHOUT HEARING. [sic]

{¶ 4} Crawford argues in his assignment of error that the trial court abused its discretion by denying his motion for ILC without first holding a hearing.

{¶ 5} According to R.C. 2951.041(A)(1),

> if an offender is charged with a criminal offense, * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged * * * the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction.

ILC "is a privilege, and R.C. 2951.041 does not create a legal right thereto." *State v. Birch*, 12th Dist. No. CA2010-10-256, 2012-Ohio-543, ¶ 37. An appellate court reviews a trial court's decision denying ILC for an abuse of discretion. *State v. Casto*, 12th Dist. No. CA2008-08-033, 2009-Ohio-791. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 6} While Crawford argues the trial court should have conducted a hearing before denying his request, R.C. 2951.041(A)(1) specifically states that "the court may reject an offender's request without a hearing." The only time a hearing is required by the statute is "if

the court elects to consider an offender's request," at which time, "the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing." R.C. 2951.041(A)(1). The trial court did not elect to consider Crawford's request for ILC, and was therefore not required to hold a hearing.

{¶ 7} Crawford also argues the trial court abused its discretion in denying his motion for ILC without making findings of fact and conclusions of law to explain why ILC was denied. However, R.C. 2951.041 does not require a trial court to make findings or conclusions when it declines an offender's request for ILC. Instead, R.C. 2951.041(C) simply states that "if the court finds that the offender is not eligible or does not grant the offender's request, the criminal proceedings against the offender shall proceed as if the offender's request for intervention in lieu of conviction had not been made." While the better practice may include a trial court's indication as to why it will not consider ILC for a given offender, a trial court is not statutorily obligated to hold a hearing or offer thorough reasoning on the record as to why the offender's motion for ILC is being denied. *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162 (2d Dist.).

{¶ 8} The record indicates the trial court denied Crawford's request for ILC, and was therefore not required to hold a hearing or make extensive findings of fact or conclusions of law. While it may be true that alcohol played a part in Crawford's crime and that he was otherwise eligible for ILC, the trial court is not required to grant ILC, as receiving intervention instead of a criminal conviction is a privilege and not a statutory right. As such, Crawford's single assignment of error is overruled.

{¶ 9} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.

- 3 -