[Cite as *State v. Roome*, 2017-Ohio-4230.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-09-028 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>6/12/2017 |
| - vs - | : | |
| | : | |
| SAMUEL D. ROOME, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20160043

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price and Nicholas A. Adkins, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Elizabeth N. Gaba, 1231 East Broad Street, Columbus, Ohio 43205, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Samuel D. Roome, appeals from his conviction in the Madison County Court of Common Pleas for one count of trafficking in drugs. For the reasons outlined below, we affirm.

{¶ 2} On March 9, 2016, the Madison County Grand Jury returned an indictment charging Roome with one count of trafficking in drugs in violation of R.C. 2925.03(A)(1), a fifth-degree felony. The charge arose after Roome sold five Suboxone sublingual film strips

to a confidential informant with the Madison County Drug Task Force. Roome was subsequently arraigned on June 9, 2016.

{¶ 3} On August 12, 2016, Roome filed a request for intervention in lieu of conviction ("ILC"). Several days later, on August 16, 2016, the state filed a memorandum in opposition, wherein it stated that "requests for intervention in lieu of conviction are traditionally denied for drug trafficking despite eligibility." The following day the trial court issued an entry denying Roome's request for ILC that stated, in pertinent part: "Defendant's Motion for Intervention in Lieu of Conviction is Overruled. Defendant is charged with Drug Trafficking."

{¶ 4} On September 1, 2016, Roome filed a renewed request for ILC. The next day the trial court once again denied Room's request for ILC. In so holding, the trial court stated:

> The Court acknowledges the Defendant has been charged with an offense which makes him statutorily eligible for Intervention in Lieu of Conviction. The Court, pursuant to its discretion granted in §2951.041(A)(1), rejects the Defendant's request without hearing.

{¶ 5} On September 6, 2016, Roome entered a no contest plea to trafficking in drugs as charged. Thereafter, the trial court sentenced Roome to two years of community control, which included 60 days in jail, and ordered a suspended one-year prison term. The trial court also ordered Roome to pay court costs. Roome now appeals, raising three assignments of error for review.

{¶ 6} In his first and second assignments of error, Roome argues the trial court erred by denying his requests for ILC based on a "blanket policy of not considering ILC motions from defendants with F5 drug trafficking charges, even though these defendants are eligible for consideration by statute." According to Roome, this violated his due process and equal protection rights as provided for by the United States and Ohio Constitutions.

{¶ 7} ILC is a procedure governed by R.C. 2951.041. *State v. Birch*, 12th Dist. Butler No. CA2010-10-256, 2012-Ohio-543, ¶ 28. Pursuant to that statute, if an offender is charged

with a crime, and the trial court has reason to believe that drug or alcohol use was a factor leading to the commission of that crime, "the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction." R.C. 2951.041(A)(1). However, even when an offender is eligible for ILC, the statute does not create a legal right to ILC. *State v. Crawford*, 12th Dist. Fayette No. CA2012-10-034, 2013-Ohio-2280, ¶ 5. The statute is "permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence." *State v. Nealeigh*, 2d Dist. Champaign No. 2010CA28, 2011-Ohio-1416, ¶ 9. Thus, ILC is considered a privilege, not a right. *Birch* at ¶ 37.

{¶ 8} A trial court's decision to deny an offender's request for ILC is reviewed under an abuse of discretion standard. *State v. Casto*, 12th Dist. Clinton No. CA2008-08-033, 2009-Ohio-791, ¶ 12. An abuse of discretion is more than an error of law or judgment. *State v. Miller*, 12th Dist. Butler No. CA2016-01-007, 2016-Ohio-7360, ¶ 7. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 9} As noted above, Roome argues the trial court has developed a "blanket policy" not to consider any request for ILC when the eligible offender, like himself, was charged with trafficking in drugs. According to Roome, this "policy" was exposed by the state's August 16, 2016 memorandum in opposition to his first request for ILC when the state noted that "requests for intervention in lieu of conviction are traditionally denied for drug trafficking despite eligibility," as well as the trial court's August 17, 2016 decision to deny Roome's request for ILC when the trial court stated that "Defendant is charged with Drug Trafficking."

{¶ 10} After a thorough review of the record, we find Roome's claim the trial court has developed a "blanket policy" not to consider any request for ILC when the eligible offender, like himself, was charged with trafficking in drugs is nothing more than pure speculation that is otherwise unsupported by the record. Contrary to Roome's claim, simply because the state noted that "traditionally" such requests are denied does not prove the trial court has developed that as its "policy." This is true even when that statement is read in conjunction with the trial court's reference to the fact that "Defendant is charged with Drug Trafficking." We find nothing about these statements demonstrates a "blanket policy" on behalf of the trial court to summarily deny ILC to every offender charged with drug trafficking.

{¶ 11} In so holding, we find it important to note the trial court's September 2, 2016 entry denying Roome's renewed request for ILC. Again, as the trial court stated:

> The Court acknowledges the Defendant has been charged with an offense which makes him statutorily eligible for Intervention in Lieu of Conviction. The Court, pursuant to its discretion granted in §2951.041(A)(1), rejects the Defendant's request without hearing.

The trial court, therefore, did not deny either of Roome's requests for ILC based on a "blanket policy." Instead, the trial court complied with the statutory language found in R.C. 2951.041(A)(1) and exercised its discretion to deny Roome's requests for ILC. This does not constitute an abuse of discretion. As noted above, ILC is a privilege, not a right. Accordingly, finding no merit to any of the arguments raised by Roome as part of his first and second assignments of error, Roome's first and second assignments of error are overruled.

{¶ 12} In his third assignment of error, Roome argues the trial court erred by failing to properly record the plea hearing as required by Crim.R. 22, which states that "[i]n serious offense cases all proceedings shall be recorded." The plea hearing proceedings, however, were recorded, but were later discovered to be inaudible, thus making a transcript unavailable. Under such circumstances, Roome could have utilized App.R. 9(C)(1), a rule

that allows the appellant to prepare a statement of proceedings from the appellant's own recollection when a transcript is unavailable. Roome did not prepare any such statement as permitted by App.R. 9, nor did Roome provide this court with any specific claims as to how the lack of the plea hearing transcript prejudiced him in any way. "[G]eneral allegations of prejudice that the missing information could be vital to his appeal are not sufficient to show material prejudice." *State v. Bell*, 12th Dist. Butler No. CA99-07-122, 2001 Ohio App.LEXIS 1915, *16 (Apr. 30, 2001). Roome's third assignment of error is therefore without merit and overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.