[Cite as *State v. Boros*, 2017-Ohio-7405.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## Nos. 105173 and 105174

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MATTHEW BOROS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-607506-A and CR-16-608167-A

**BEFORE:** Boyle, J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 31, 2017

**ATTORNEY FOR APPELLANT**

Raymond R. Froelich
2100 Salem Parkway
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Shannon M. Musson
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Matthew Boros, appeals his conviction for one count of criminal trespass and two counts of theft. For the reasons that follow, we affirm.

## I. Procedural History

{¶2} In May 2016, in Cuyahoga C.P. No. CR-16-607506, a grand jury indicted Boros for one count of breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony, and one count of theft in violation of R.C. 2913.02(A)(3), a fifth-degree felony. In Cuyahoga C.P. No. CR-16-608167, a grand jury indicted Boros for one count of theft in violation of R.C. 2913.02(A)(3), a fifth-degree felony, and one count of securing records by deception in violation of R.C. 2913.43(A), a fifth-degree felony. The charges in both criminal cases arose out of multiple incidents when Boros took money from victims for the purchase of homes even though Boros had no right or ownership interest in the properties. Boros pleaded not guilty to the charges.

{¶3} Boros filed a motion for intervention in lieu of conviction. On September 13, 2016, the trial court ruled that the "motion for intervention in lieu is denied."

{¶4} Thereafter, Boros retracted his not guilty pleas in both criminal cases in a plea-bargained package deal. Boros pleaded guilty in Cuyahoga C.P. No. CR-16-607506 to one count of criminal trespass, a fourth-degree misdemeanor, and one count of theft, a fifth-degree felony. In Cuyahoga C.P. No. CR-16-608167, Boros pleaded guilty to one count of theft, a fifth-degree felony.

{¶5} At the plea and sentencing hearings, two victims gave statements. One of

the victims, Lisa, stated that she met Boros while looking for a home for her 72-year-old father who had been living in a nursing home. Boros originally told Lisa that he had a house in East Cleveland for her to purchase for her father. At Boros's request, Lisa and her brother paid for a roof on the East Cleveland home. Thereafter, Boros told Lisa that the East Cleveland home was no longer available, but that he had found another home for her father in Euclid. After taking out a loan and paying Boros money on a weekly basis for the Euclid home, Lisa learned that the house did not belong to Boros. Lisa stated that her father now believes that she and her siblings have abandoned him in the nursing home because they were not able to move him into the home as promised by Boros.

{¶6} Another victim, David, explained that he, his fianceé, and five children needed a home. He met Boros because of a house located on West 36th Street in Cleveland that was listed on Craig's List. David said that Boros agreed to sell the West 36th Street house to David, and he signed paperwork that he received from Boros. David said that he paid Boros $5,160, but that he never took possession of the house because Boros did not have any right to sell it. David indicated that he had to borrow some of the money to pay Boros because his income last year totaled approximately $5,000.

{¶7} In Cuyahoga C.P. No. CR 16-607506, the trial court sentenced Boros to 30 days in county jail for the criminal trespass charge and 11 months in prison for the theft charge. In Cuyahoga C.P. No. CR 16-608167, the trial court sentenced Boros to 11 months in prison. The trial court ordered the sentences in the two cases to be served

consecutively for a total of 22 months.

{¶8} Boros appeals from the trial court's judgment. He asserts the following two assignments of error:

1.  The trial court erred and abused its discretion in denying defendant, Boros, his request for intervention in lieu of conviction without a hearing.

2.  The trial court erred by imposing consecutive sentences on each felony when it failed to make adequate findings required by the Ohio Revised Code.

## II. Law and Analysis

### A. Intervention in Lieu of Conviction

{¶9} In his first assignment of error, Boros argues that the trial court abused its discretion when it denied his request for intervention in lieu of conviction without a hearing. Specifically, Boros contends that the trial court never ruled on his motion for intervention in lieu of conviction and that "prejudicial error results when there is no record for the appellate court to review."

{¶10} The state disagrees and argues that R.C. 2951.041(A)(1) creates a privilege, not a right, and authorizes a trial court to deny a request for intervention in lieu of conviction without a hearing. Moreover, the state claims that the trial court denied Boros's motion for intervention and, therefore, did not abuse its discretion in failing to hold a hearing.

{¶11} Intervention in lieu of conviction is a procedure governed by R.C. 2951.041. Pursuant to that statute, if an offender is charged with a crime, and the trial court has

reason to believe that drug or alcohol use was a factor leading to the commission of that crime, "the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction." R.C. 2951.041(A)(1). Even when an offender is eligible for intervention in lieu of conviction, the statute does not create a legal right to it. *State v. Roome*, 12th Dist. Madison No. CA2016-09-028, 2017-Ohio-4230, ¶ 7, citing *State v. Crawford*, 12th Dist. Fayette No. CA2012-10-034, 2013-Ohio-2280. Rather, "the statute is permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence." *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506, ¶ 14 (2d Dist.), citing *State v. Dempsey*, 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579.

**{¶12}** R.C. 2951.041(A)(1) provides that the "court may reject an offender's request without a hearing." *See State v. Ogle*, 8th Dist. Cuyahoga No. 97926, 2012-Ohio-3693, ¶ 16.

**{¶13}** A trial court's decision to deny an offender's request for intervention in lieu of conviction is reviewed under an abuse of discretion standard. *Roome* at ¶ 8. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985).

**{¶14}** Here, Boros filed a motion for intervention in lieu of conviction. Contrary to his argument, two days after he filed the motion, the trial court denied it. And, after revisiting the request for intervention in lieu of conviction at the plea hearing, the trial

court told Boros that it had "already made [its] ruling." We find that the trial court complied with the statutory language of R.C. 2951.041(A)(1) and properly exercised its discretion to deny Boros's request for intervention in lieu of conviction without a hearing.

{¶15} Boros's first assignment of error is overruled.

## B. Consecutive Sentences

{¶16} In his second assignment of error, Boros argues that his sentence "is not in compliance with" R.C. 2929.14(C)(4). Specifically, he claims that "after review of the sentencing transcript, it becomes clear that the court lacks compassion for drug addicted individuals and was so desperate to establish a prior record that she had to include his 38 traffic citations." We disagree.

{¶17} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) "the sentence is otherwise contrary to law." *Id*.

{¶18} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense;

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct   adequately reflects the seriousness of the offender's conduct;

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶19} In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 33.   "Nor is [the trial court] required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."   *Id.*

{¶20} At the sentencing hearing in this case, the trial court reminded the parties that the victims had spoken at the plea and sentencing hearings.   After taking into consideration the victims' statements, Boros's statement, and the arguments of counsel, the trial court stated, in imposing its sentence, the following:

We have one family that's dealing with an elderly parent that they're trying to take care of, and another family with five children that you literally stole food out of their mouths, and the comfort of care to an elderly gentlemen. And this isn't your first day at the rodeo.   You've been around a lot.

* * *

> You've been a terror for a long time. Looking at your record you have 38 traffic citations; you have a record of numerous municipal cases: Criminal damages; building housing violations; failure to remove a nuisance; building code violations; building code violations in 2008; two separate cases including Cleveland Municipal Court with multiple capiases; and your failure to pay, you were granted multiple extensions to pay for violations; 2008 DUI; passing bad checks, 2014; 2015 theft Solon — I'm sorry, Stow Municipal Court; 2015 another case in Stow Municipal Court, theft; drug possession, Cleveland; petty theft, Mentor Municipal Court 2015; Strongsville 2015 theft without consent in Berea Municipal Court and now my two cases.

{¶21} The trial court found that consecutive sentences were "necessary to protect the public from future crime and punish the offender and that they're not disproportionate to the seriousness of [Boros's] conduct and the danger [he] pose[s] to the public." The trial court noted that Boros committed "multiple offenses as part of one or more courses of conduct and the harm caused by two of the multiple offenses so committed was so great or unusual that no single prison term adequately reflects the seriousness of [Boros's] conduct." In addition, the trial court stated that Boros's history of criminal conduct, "particularly regarding theft cases" demonstrated that consecutive sentences were "necessary to protect the public from future crime" by Boros. The record further reflected that Boros was on probation for a theft conviction from the Berea Municipal Court.

{¶22} The trial court recited Boros's lengthy criminal history, including his multiple theft offenses, a passing bad check conviction, and a drug possession conviction. The trial court recounted that Boros's current crimes were to victims with very little

money or to the elderly and discussed the harm, financially and emotionally, that he caused to the victims, thus considering consecutive sentences to be proportionate to the severity of Boros's conduct and necessary to protect the public and to punish Boros. The trial court memorialized its findings in a sentencing journal entry.

{¶23} We find that the record in this case supports the imposition of consecutive sentences. Therefore, we overrule Boros's second assignment of error.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR