[Cite as *State v. Day*, 2019-Ohio-4816.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 19CA1085 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| ASHLEY DAY, | : | |
| Defendant-Appellant. | : | **RELEASED 11/14/2019** |

<u>APPEARANCES</u>:

Matthew F. Loesch, Portsmouth, Ohio, for appellant.

David Kelley, Adams County Prosecutor, and Kris D. Blanton, Adams County Assistant Prosecutor, West Union, Ohio, for appellee.

Hess, J.

{¶1}   Ashley Day pleaded guilty to trafficking in marijuana, a fifth-degree felony. The trial court sentenced Day to 11 months in prison and an optional postrelease control of three years. The court also ordered Day to pay a $750 fine and court costs.

{¶2}   In her first assignment of error, Day argues that her sentence is contrary to law because the trial court failed to properly apply the seriousness and recidivism factors in R.C. 2929.12. However, because she has not established by clear and convincing evidence that her sentence is either contrary to law or unsupported by the record, we overrule Day's first assignment of error.

{¶3}   Day also contends the trial court failed to make the appropriate factual findings as to whether the marijuana transactions at issue constituted a sale or gift, rendering her sentence void. However, because she pleaded guilty, the trial court was not required to review or evaluate the state's evidence or consider possible defenses.

The trial court was obligated to ensure that Day's guilty plea was made knowingly, intelligently and voluntarily under Crim.R. 11(C). We find that the trial court complied with Crim.R. 11 – Day does not contend otherwise. We overrule Day's second assignment of error.

{¶4} In her third assignment of error, Day contends she was provided constitutionally ineffective assistance of counsel because her attorney conceded that the elements of the trafficking charge were met and failed to file for intervention in lieu of conviction. However, even if we assume that counsel was ineffective, Day has failed to show prejudice. To the extent Day is relying on evidence that is outside the record to support her claim, postconviction relief—not direct appeal—is the appropriate method to seek relief based on a claim of ineffective assistance. Thus, we overrule Day's third assignment of error and affirm the trial court's judgment.

## I. PROCEDURAL BACKGROUND

{¶5} In July 2016, Day was indicted in the Adams County Common Pleas Court on one count of trafficking in marijuana in violation of R.C. 2929.03(A)(1), a fifth-degree felony, with a forfeiture specification for $6,500 used or intended to be used in the commission or facilitation of the offense. After her arraignment she was released on her own recognizance bond. Day failed to appear for the pretrial hearing and the trial court issued a warrant for her arrest. She was arrested on the warrant and a second pretrial was set for August 2017. At the pretrial her attorney requested that Day be assessed for a diversion program entitled "STOP" that would allow Day to receive substance abuse counseling and assistance with obtaining a GED and driver's license. The state did not oppose the request and the trial court granted it and explained that if Day succeeded in

the program, then she would not have any felony charges. Day and her attorney scheduled a "STOP" assessment appointment prior to the conclusion of the pretrial hearing and Day was released on bond. Day violated the curfew condition of her bond and another warrant was issued for her arrest. The trial court held a change of plea hearing in November 2017 and Day entered a guilty plea to fifth-degree felony marijuana trafficking. At the change of plea hearing, Day's counsel requested the trial court release her from jail even though Day had not shown up for her "STOP" appointment. The trial court ordered a presentence investigation report (PSI), scheduled a sentencing hearing, and agreed to release Day on the condition that she find employment by November 22, 2017.  Prior to the sentencing hearing, Day violated the condition of her bond by being outside of her home and in the company of an individual possessing methamphetamine. A sentencing hearing was set for December 2017, but again Day failed to appear. The sentencing hearing was rescheduled for January 2019, Day appeared and was sentenced to an 11-month prison term.

## II. ASSIGNMENTS OF ERROR

{¶6}    Day makes the following assignments of error:

I.      APPELLANT'S SENTENCE IS CONTRARY TO LAW IN THAT THE TRIAL COURT FAILED TO PROPERLY APPLY THE FACTORS SERIOUSNESS AND RECIDIVISM MANDATED BY O.R.C. 2929.12.[1]

II.     APPELLANT'S SENTENCE WAS VOID AS THE TRIAL COURT FAILED TO MAKE A FINDING THAT THE MARIJUANA TRANSACTION IN QUESTION WAS A SALE AS OPPOSED TO A GIFT.

---

[1] The assignment of error in Day's statement of assignment of errors section of her brief under App.R. 16(A)(3) is different and states, "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROPERLY CONSIDER AND APPLY THE SERIOUSNESS AND RECIDIVISM FACTORS TO THE APPELLANT." The standard of review for felony sentences is not whether the sentencing court abused its discretion, but whether we clearly and convincingly find either the record does not support the sentence or the sentence is otherwise contrary to law. *See State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23. Thus we will analyze the assignment of error set forth in the law and argument section of Day's brief.

III.     APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

III. LAW AND ANALYSIS

{¶7}    Day concedes that her sentence was in the statutorily prescribed range, but argues that the record does not support an 11-month prison sentence. She concedes that she was a young woman with ongoing issues with marijuana, but argues that she did not sell the marijuana, she only gave it away. She concedes she had numerous bond violations during the pendency of her case, but she argues that these bond violations alone do not warrant a near maximum sentence for a first time fifth degree marijuana trafficking charge.

A. Standard of Review

{¶8}    When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1, 22–23. Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶9}    Although R.C. 2953.08(G)(2)(a) does not mention R.C. 2929.11 and 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to those statutes. *Marcum* at ¶ 23 (although "some sentences do not require the

findings that R.C. 2953.08(G)[2][a] specifically addresses[,] * * * it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court"); *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017–Ohio–1544, ¶ 84. Consequently, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23; *Butcher* at ¶ 84.

{¶10} "Once the trial court considers R.C. 2929.11 and 2929.12, the burden is on the defendant to demonstrate by clear and convincing evidence that the record does not support his sentence." *State v. Akins–Daniels*, 8th Dist. Cuyahoga No. 103817, 2016–Ohio–7048, ¶ 9; *State v. O'Neill*, 3d Dist. Allen No. 1–09–27, 2009–Ohio–6156, ¶ 9, fn. 1 ("The defendant bears the burden to demonstrate, by clear and convincing evidence, that the sentence is not supported by the record, that the sentencing statutes' procedure was not followed, or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law"); *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014–Ohio–5601, ¶ 5 ("because [appellant] failed to establish by clear and convincing evidence either that the record does not support the trial court's findings or that the sentence is otherwise contrary to law, these assignments of error are meritless"). "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex*

*rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009–Ohio–5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *see also State v. Graham*, 4th Dist. Adams No. 17CA1046, 2018-Ohio-1277, ¶13-16.

### B. Day's Sentence is Supported by the Record and Is Not Contrary to Law

**{¶11}** " '[A] sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post[-]release control, and imposed a sentence within the statutory range.' " *State v. Perry*, 4th Dist. Pike No. 16CA863, 2017–Ohio–69, ¶ 21, quoting *State v. Brewer*, 2014–Ohio–1903, 11 N.E.3d 317, ¶ 38 (4th Dist.).

**{¶12}** At both the sentencing hearing and in its judgment entry, the trial court stated that it considered the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed an 11-month discretionary prison sentence, which is within the statutory range. *See* R.C. 2925.11(C)(3)(a) (except as otherwise provided, trafficking in marijuana is a fifth degree felony); R.C. 2929.14(A)(5) (providing generally that prison term for a fifth-degree felony is a definite term of six, seven, eight, nine, ten, eleven, or twelve months).

**{¶13}** Under R.C. 2929.13(B)(1)(a), generally where an offender pleads guilty to a fifth-degree felony the trial court shall sentence the offender to a community control sanction. However, here as she concedes, Day had repeated bond violations during the pendency of her case. Therefore, the trial court had discretion to impose a prison term under R.C. 2929.13(B)(1)(b)(iii).

**{¶14}** Day argues that the seriousness and recidivism factors under R.C. 2929.12(B) (the offender's conduct is more serious than conduct normally constituting the offense), (D) (the offender is likely to commit future crimes) and (E) (the likelihood the offender will commit future crimes) do not support her sentence. She contends that she did not commit the offense while on bail; she did not exacerbate a physical or mental injury of a victim; she does not hold a public office; she had no professional obligation to prevent the offense; she did not use her professional reputation, occupation, or profession to facilitate the offense; she did not have a relationship with the victim that facilitated the offense; she did not commit the offense for hire or as part of an organized crime activity; and, in committing the offense, she was not motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion. In other words, Day disagrees with the trial court's analysis and balancing of these factors. However, Day concedes that she has "ongoing issues with marijuana," has "previously appeared several times in front of the trial court judge as a juvenile," and "had numerous bond violations" during the case.

**{¶15}** The Supreme Court of Ohio summarized the applicability of R.C. 2929.11 and 2929.12 in sentencing decisions:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). * * *
>
> Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to

commit future offenses. * * * [A]n offender's conduct is considered less serious when there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C)(4). R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate.

*State v. Long*, 138 Ohio St.3d 478, 2014–Ohio–849, 8 N.E.3d 890, ¶ 17–18.

**{¶16}** Here the trial court stated that it considered both the principals and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Specifically, the trial court found that Day pleaded guilty to trafficking in marijuana, a fifth-degree felony, and that she had two prior misdemeanor criminal convictions and two prior misdemeanor criminal adjudications in Adams County Juvenile Court. The trial court considered that Day had dropped out of high school in 10th grade and is unemployed.  The trial court considered that Day admitted marijuana and alcohol use, but she has never sought drug or alcohol treatment. The trial court also recited the numerous bond violations that occurred during the case and her overall lack of remorse. The trial court summarized:

> Two factors will drive the decision of this * * * court. Number one, Ms. Day, for whatever reason you've chosen to be unmanageable. That you won't follow rules, not one. I asked you the question, tell me one that you've followed, and you can't give me one. We have begged you to get your education, we've begged you to show up for court, we let you out, we keep showing you leniency. And then the second thing is, is now, it's a new one on me, but I guess we tell people to wean themselves off of drugs when they're pregnant, instead of stopping.[2] * * * My best option is prison, and so therefore the court finds that you are not amenable to available Community Control Sanctions.

**{¶17}** The trial court also reviewed the findings in the PSI report in making its sentencing decision. Initially, the PSI report was not included in the appellate record.

---

[2] Earlier in the sentencing hearing, Day informed the trial court that her obstetrician told her to "wean myself off of" marijuana so she "did that for a week, and I am completely off of it * * *."

Although the PSI report is not part of the public record, it is part of the appellate record for our review. R.C. 2953.08(F) (governing appeals based on felony sentencing guidelines, including an appeal contending that the felony sentence is "contrary to law"); *State v. Martin*, 140 Ohio App.3d 326, 327, 2000-Ohio-1942, 747 N.E.2d 318 (4th Dist.). An appellate court's use of a PSI report in connection with the appeal of a felony sentence under R.C. 2953.08 "does not affect the otherwise confidential character of the contents of that report" * * * and "does not cause that report to become a public record * * *." *See* R.C. 2953.08. Because the PSI report was not in the appellate record, we sua sponte requested it and have reviewed it.  The PSI report supports the trial court's sentence.

**{¶18}** Our sua sponte request for the PSI report is contrary to the procedure recently set forth in *State v. Shankland*, 4th Dist. Washington No. 18CA11, 18CA12, 2019-Ohio-404, ¶ 23, which imposed a duty upon the appellant to move to supplement the record with the report. Upon further consideration, we reject the procedure announced in *Shankland*. PSI reports are part of the appellate record and when they are missing from the record and necessary for our review, we will sua sponte acquire them from the clerk.

**{¶19}** Although Day disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12, in imposing a sentence it is the role of the trial court to determine the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances. *See State v. Bailey*, 4th Dist. Highland No. 11CA7, 2011–Ohio–6526, ¶ 34, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000) ("in considering the factors set forth in R.C. 2929.12, the trial court has 'the discretion to determine the weight to assign a particular statutory factor' "); *State v. Kuykendall*, 2017–Ohio–7280, 97 N.E.3d 32, ¶ 17 (12th Dist.), quoting *State*

*v. Steger*, 12th Dist. Butler No. CA2016–03–059, 2016–Ohio–7908, ¶ 18 ("Although appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12, it is '[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances' "); *State v. Reeves*, 10th Dist. Franklin No. 14AP–856, 2015–Ohio–3251, ¶ 10, quoting *State v. Todd*, 10th Dist. Franklin No. 06AP–1208, 2007–Ohio–4307, ¶ 23 (" 'the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances' ").

**{¶20}** Day has failed to meet her burden to establish that her prison sentence was clearly and convincingly not supported by the record. "Simply because the court did not balance the factors in the manner appellant desires does not mean that the court failed to consider them, or that clear and convincing evidence shows that the court's findings are not supported by the record." *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017–Ohio–1544, ¶ 87. After reviewing the record, we find no clear and convincing evidence that the court erred in balancing the factors in R.C. 2929.12 or in considering the principles and purposes of sentencing under R.C. 2929.11. Therefore, we overrule Day's first assignment of error.

### C. Whether the Marijuana Transaction was a Sale or Gift

**{¶21}** Day contends that her sentence is void because the record supports only a conviction for the minor misdemeanor gift violation under R.C. 2925.03(C)(3)(h).[3] She argues that the trial court was required to determine whether her transfer of marijuana

---

[3] Day's brief mistakenly cites R.C. 2925.03(C)(3)(g).

was a gift or a sale prior to sentencing her. However, the cases she cites in support of her argument both involved bench trials, not a guilty plea. *See State v. Ayers,* 194 Ohio App.3d 812, 2011-Ohio-3500, 958 N.E.2d 222 (2d Dist.); *State v. Monroe*, 2d Dist. Montgomery No. 14842, 1995 WL 444395 (July 26, 1995).

**{¶22}** Here the indictment charged Day with a fifth-degree felony marijuana trafficking offense and she pleaded guilty. Day's guilty plea waived her right to contest the validity of the indictment. "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1). A guilty plea allows the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. "More is not required; the court has nothing to do but give judgment and sentence." *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23-24 (1st Dist.). "[A] counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case * * *." *State v. Wilson,* 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus.

**{¶23}** The ultimate inquiry when reviewing a trial court's acceptance of a guilty plea is whether the defendant entered the plea in a knowing, intelligent, and voluntary manner. *See State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 7. A defendant enters a plea in a knowing, intelligent, and voluntary manner when the trial court fully advises the defendant of all the constitutional and procedural protections set forth in Crim.R. 11(C) that a guilty plea waives. *See State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25. Day makes no contention that her plea was not made in a knowing, intelligent, and voluntary manner and the record shows that the trial court engaged in a proper Crim R. 11(C) plea colloquy. After ensuring that the plea was

entered in a knowing, intelligent, and voluntary manner, the trial court read the indictment a second time and asked Day if she understood what she was accused of and she responded, "Yes sir." The trial court asked what her plea was and she responded "Guilty."

**{¶24}** After Day entered her guilty plea, she explained that she gave the marijuana away but never received money in return. The state explained that "give or deliver" is included in the definition of sale under R.C. 2929.03(A)(1).[4] The trial court asked, "Ms. Day are you requesting the court to accept your Plea of Guilty?" Day replied, "Yes sir." The statements Day made after pleading guilty do not constitute a "protestation of innocence" nor does Day argue that her plea was an *Alford* plea. *See North Carolina v. Alford*, 400 U.S. 25, 28 fn. 2, 91 S.Ct. 160, 27 L.E.2d 162 (1970) (defendant in *Alford* stated, "I'm not guilty, but I plead guilty."). Thus, the trial court did not need to inquire into the factual basis surrounding the trafficking charges to determine whether she was making an intelligent and voluntary guilty plea. *See State v. Alvelo*, 2017-Ohio-742, 85 N.E.3d 1032, ¶ 22-24 (8th Dist.) (defendant's statements made after entering a guilty plea that he was merely collecting a debt and there was no firearm do not constitute "protestations of innocence" under *Alford*); *State v. Johnson,* 2018-Ohio-1387, 110 N.E.3d 863, (8th Dist.) (defendant assertions that he never meant to hurt anyone were expressions of remorse rather than an affirmative declaration of innocence and thus was insufficient to trigger an *Alford* inquiry).

**{¶25}** The trial court was only required to determine if Day's plea was made knowingly, intelligently, and voluntarily under Crim.R. 11(C). It was not required to

---

[4] R.C. 2925.01(A) incorporating R.C. 3719.01(AA) which defines "Sale" as "delivery, barter, exchange, transfer, or gift or offer thereof * * *."

determine whether the transaction was a sale or gift, her sentence is not void, and we overrule Day's second assignment of error.

### D. Ineffective Assistance of Counsel

**{¶26}** For her third assignment of error Day contends that trial counsel provided constitutionally ineffective assistance when she acknowledges that all of the elements of the crime of marijuana trafficking were met because Day contends she was only giving away marijuana, not selling it. Additionally, Day contends that her attorney failed to file a motion for intervention in lieu of conviction. *See* R.C. 2951.041 (giving the trial court discretion to place an offender under general control and supervision of the county probation department and order abstinence from drug/alcohol use, participation in drug/alcohol treatment services, and submission to regular random drug and alcohol testing).

**{¶27}** To prevail on a claim of ineffective assistance of counsel an appellant must establish that (1) counsel's performance was deficient, that is, it fell below an objective standard of reasonable representation, and (2) counsel's deficient performance resulted in prejudice, meaning that there is a reasonable probability that but for counsel's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, 873 N.E.2d 828, ¶ 62; *State v. Sowards*, 4th Dist. Gallia No. 06CA13, 2013–Ohio–3265, ¶ 11. In employing this standard we apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," with the "benchmark" being "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

produced a just result." *Strickland* at 689, 686; *State v. Williams*, 99 Ohio St.3d 493, 2003–Ohio–4396, 794 N.E.2d 27, ¶ 159.

**{¶28}** Day contends that her trial counsel was ineffective for stipulating during the change of plea hearing that all the elements of the crime of trafficking in marijuana were met because she was "gifting" marijuana. She argues that a gift of less than 20 grams of marijuana is a minor misdemeanor. R.C. 2925.03(C)(3)(h). In essence, Day is arguing that she should not have pleaded guilty and instead should have gone to trial because she thinks she had a winning defense that she "gifted" the marijuana. However, because she pleaded guilty, the state was not required to submit its evidence or prove its case. Thus even if we assume counsel's performance was deficient, Day cannot show prejudice, meaning that there is a reasonable probability that but for counsel's errors, the outcome of the proceeding would have been different. Generally, "an attorney's advice to take a plea deal is not ineffective assistance of counsel." *State v. Howard*, 2017-Ohio-9392, 103 N.E.3d 108, ¶ 30 (4th Dist.) appeal not allowed, 152 Ohio St.3d 1481, 2018-Ohio-1990, 98 N.E.3d 295, ¶ 30 (2018) (internal quotations omitted); *State v. Robinson,* 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23.

**{¶29}** To the extent Day is relying on evidence that is outside the record to support her claim, postconviction relief—not direct appeal—is the appropriate method to seek relief based on a claim of ineffective assistance. *See State v. Williams*, 4th Dist. Jackson No. 15CA3, 2016-Ohio-733, ¶ 37, citing *State v. Hampton,* 4th Dist. Lawrence No. 15CA1, 2015-Ohio-4171, ¶ 28 (petition for postconviction relief is the proper vehicle to raise a claim of ineffective assistance of counsel that relies upon evidence outside the record).

**{¶30}** Day also claims her trial counsel was ineffective because, although her attorney requested that Day be evaluated for a drug and alcohol diversion program at the initial pretrial (for which Day never showed), her counsel did not make a subsequent motion for intervention in lieu of conviction under R.C. 2951.041. Again, Day does not explain how she was prejudiced. Even when an offender is eligible for intervention in lieu of conviction, the statute does not create a legal right to it. *State v. Crawford*, 12th Dist. Fayette No. CA2012-10-034, 2013-Ohio-2280, ¶ 5. The statute is "permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence." *State v. Nealeigh,* 2d Dist. Champaign No. 2010CA28, 2011-Ohio-1416, 2011 WL 1086630, ¶ 9. Thus, intervention in lieu of conviction is considered a privilege, not a right. *State v. Roome,* 12th Dist. No. CA2016-09-028, 2017-Ohio-4230, 92 N.E.3d 59, ¶ 7.

**{¶31}** The trial court found Day was completely "unmanageable" and had not followed a single rule or request the court made of her. The sentencing entry stated that "the absolute worst place" for Day is "near illegal substance with no restraints." Day points to no evidence in the record of a reasonable probability that the trial court would have granted the motion.

**{¶32}** Because Day cannot show she was prejudiced by counsel's stipulation at the change of plea hearing or by counsel's failure to move for intervention in lieu of conviction, we overrule Day's third assignment of error.

### III. CONCLUSION

**{¶33}** Day has not established by clear and convincing evidence that her sentence is either contrary to law or unsupported by the record. Because she pleaded guilty, she

waived any requirement that the trial court make factual findings concerning the elements of the offense. Day was not deprived of her right to effective assistance of counsel.

{¶34} Therefore, we overrule Day's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Smith, P.J.: Concurs in Judgment Only.

For the Court

BY: _____
    Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**