[Cite as *State v. Lageson*, 2019-Ohio-919.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellant, | : | CASE NO. CA2018-05-054 |
| | : | O P I N I O N |
| - vs - | | 3/18/2019 |
| | : | |
| ROBERT DAVID LAGESON, | : | |
| Appellee. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR33652


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellant

Kim Bui, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069, for appellee


**RINGLAND, J.**

{¶ 1}   The state of Ohio appeals the decision of the Warren County Court of Common Pleas, which granted Robert Lageson's motion for intervention in lieu of conviction. For the reasons described below, this court reverses the trial court's decision and remands the case for sentencing on Lageson's felony conviction.

{¶ 2}   In January 2017, Lageson was the driver of a vehicle in which an illegal drug transaction took place between Lageson's passenger and an undercover police officer.

Lageson drove the passenger to a prearranged location where the sale would take place. The passenger then sold heroin to the officer. The facts would tend to indicate that Lageson was aware that a drug transaction was taking place in the vehicle.

{¶ 3} In November 2017, a Warren County grand jury indicted Lageson with count one, trafficking in heroin, a violation of R.C. 2925.03(A)(1) and a fourth-degree felony, count two, aggravated trafficking in drugs (fentanyl), a violation of R.C. 2925.03(A)(1), also a fourth-degree felony, and count three, permitting drug abuse, a violation of R.C. 2925.13(A), and a fifth-degree felony.

{¶ 4} The matter proceeded to a jury trial in February 2018. The jury rendered a verdict of not guilty on both drug trafficking counts and a verdict of guilty on permitting drug abuse.

{¶ 5} Immediately after the verdicts, Lageson moved for intervention in lieu of conviction ("ILC"). In support of his motion, Lageson argued that had the state only charged him with permitting drug abuse, he would have qualified for ILC, and he should therefore be allowed to enter into an intervention plan.[1]

{¶ 6} Several days later, the court entered judgment in favor of the state as to count three of the indictment and discharged Lageson from counts one and two. The court ordered a presentence-investigative report and set a sentencing date.

{¶ 7} However, in April 2018, and before sentencing occurred, the court held a hearing on Lageson's ILC motion. During the hearing, the court indicated that counsel and the court had held an in chambers discussion concerning whether Lageson qualified for ILC. The court then stated that it had considered the arguments of both sides and determined that Lageson qualified for ILC and would grant him ILC. The state objected. In a subsequent

---

1. ILC is not permitted for offenders charged with felony one through four drug trafficking charges. R.C. 2951.041(B)(3).

- 2 -

entry granting ILC, the court stated that it had accepted Lageson's plea of guilty and waiver of rights to a speedy trial at the April hearing and was ordering an intervention plan consisting of three years of abstinence, drug testing, and probation monitoring.

{¶ 8}   The state appeals, raising a single assignment of error.

{¶ 9}   Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT DID NOT HAVE AUTHORITY TO GRANT LAGESON ILC AFTER A JURY TRIAL AND GUILTY VERDICT.

{¶ 11} The state argues that the trial court lacked statutory authority to grant Lageson's request for ILC because the ILC statute requires a defendant to enter a guilty plea, which Lageson was incapable of doing after having been found guilty.  However, Lageson argues that the two drug trafficking counts precluded him from moving for ILC prior to the trial, that he would have moved for ILC if he could have, and that he should not be penalized and prevented from seeking ILC because of charges for which he was found not guilty.  He also argues that what occurred in this case could prompt the state to "overcharge" defendants to defeat ILC qualification.

{¶ 12} This court conducts a de novo review of whether an accused is statutorily eligible for intervention in lieu of conviction. *State v. Casto*, 12th Dist. Clermont No. CA2008-08-033, 2009-Ohio-791, ¶ 12.  Accordingly, we independently review the record and give no deference to the court's interpretation of the ILC statute.  *State v. Kormos*, 12th Dist. Clermont No. CA2011-08-059, 2012-Ohio-3128, ¶ 13.  This court's main objective in interpreting statutes is to determine and give effect to the legislative intent. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 20.  To determine the intent of the General Assembly, we look primarily to the language of the statute itself.  *Id.*

{¶ 13} ILC is a proceeding governed by R.C. 2951.041.[2] It allows offenders, who allege that drugs, alcohol, or mental illness contributed to their criminal offense, the opportunity to complete a treatment plan to avoid a criminal conviction. If the court accepts the offender's request for ILC, then the court is required to hold a hearing to determine if the offender qualifies for ILC. R.C. 2951.041(A)(1). If the court determines the offender is qualified, the offender must offer a plea of guilty and waiver of rights, which the court must accept. R.C. 2951.041(C). The court will then stay criminal proceedings while the offender attempts to complete an intervention plan under the control and supervision of the probation department, or similar agency. R.C. 2951.041(C) and (D). If the court later finds that the offender successfully completed the intervention plan, then the court is required to dismiss the charges. R.C. 2951.041(E). If the offender fails to complete the plan, then the court is required to enter a finding of guilt on the plea. R.C. 2951.01(F).

{¶ 14} Initially, we note that the court's entry granting ILC indicates that it accepted Lageson's plea of guilty and waivers of rights at the April hearing. However, the transcript of the ILC hearing does not reflect that any such plea was taken. And based upon representations by counsel for the state and Lageson at oral argument, this is an accurate understanding of the record.

{¶ 15} Because Lageson never entered a guilty plea, he would not have complied with a statutory prerequisite to entering ILC and this court could conceivably reverse the trial court's decision on that basis. However, it appears that the reason that Lageson did not enter a guilty plea at the hearing was because he had already been found guilty by the jury. Thus, the pertinent question in this appeal is whether the ILC statute can be interpreted to allow Lageson to enter ILC after a jury trial and verdict.

---

2. All references in this opinion to the ILC statute are in regard to the version in effect at the time of Lageson's offense in January 2017.

{¶ 16} Relevant to this appeal, R.C. 2951.041(A)(1) provides:

> [T]he court may accept, *prior to the entry of a guilty plea*, the offender's request for intervention in lieu of conviction. * * * The request also shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, *unless the hearing, indictment, or arraignment has already occurred * * *.*

And R.C. 2951.041(C) provides:

> If the court finds under division (B) of this section that the offender is eligible for intervention in lieu of conviction and grants the offender's request, the court shall accept the offender's plea of guilty and waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, *unless the hearing, indictment, or arraignment has already occurred.*

(Emphasis added.) These two provisions indicate that the legislature did not intend for an offender to request ILC after a finding of guilt. First, the statute contemplates that the offender's request for ILC must occur prior to the offender offering a plea of guilty. However, in this case, Lageson has already been convicted and there is no charge to which he may plead.

{¶ 17} Second, the statute refers to four stages in the criminal process, i.e., the preliminary hearing, indictment, arraignment, and the trial. The statute requires the offender to execute a waiver of rights to these stages unless the hearing, indictment, or arraignment has "already occurred." Thus, the statute specifically excepts the trial stage from this "already occurred" provision, which would indicate that the legislature did not anticipate that ILC would be sought after a trial had "already occurred."

{¶ 18} Furthermore, R.C. 2951.041(E) provides:

> If the court grants an offender's request for intervention in lieu of conviction and the court finds that the offender has successfully completed the intervention plan * * * the court shall dismiss the proceedings against the offender. Successful completion of the

- 5 -

intervention plan and period of abstinence under this section shall be *without adjudication of guilt* and is *not a criminal conviction* for purposes of any disqualification or disability imposed by law and upon conviction of a crime* * *.

(Emphasis added.) Thus, completion of the intervention plan results in dismissal of the charges, "without adjudication of guilt." This provision of the statute would be rendered illogical if an offender could petition for ILC after having had a guilty finding rendered by a jury.

{¶ 19} And finally, R.C. 2951.041(F) provides: "If the court determines that the offender has failed to comply with [the intervention plan], it shall enter a finding of guilty * * *." Again, the statute contemplates that failure to complete the intervention plan will result in the court finding the defendant guilty. But this provision of the statute would also be rendered illogical if an offender had already been found guilty by a jury.

{¶ 20} Based upon the foregoing, this court finds that the language of the statute is not reasonably susceptible to the interpretation advanced by Lageson. The statute requires the defendant enter a plea of guilty in exchange for entering the program. While Lageson could technically offer a "plea," it would be a meaningless act after the jury rendered a guilty verdict and the court entered judgment on the verdict. Again, there is no charge to "plea" to after the guilty finding has been made.

{¶ 21} Moreover, the statute provides for a finding of guilt only after the offender has qualified for ILC and failed to complete the intervention plan. But in Lageson's case, the finding of guilt has already occurred. The statute makes clear that the General Assembly did not contemplate that an offender would seek ILC after going to trial and having received a verdict.

{¶ 22} Related rules and statutory provisions support this position. Crim.R. 32(A) addresses the imposition of sentence. The rule provides that sentences must be imposed "

without unnecessary delay." However, there would be a significant delay if an offender requested ILC after a guilty verdict and finding of guilt. The ILC statute also does not refer to or require a waiver of rights under Crim.R. 32(A).

{¶ 23} Finally, sentencing for felony convictions is controlled by the provisions of R.C. 2929.11 through 2929.19. The felony sentencing statutes do not provide ILC as a sentencing option, which lends additional support to the argument that an offender cannot seek ILC after being convicted at trial.

{¶ 24} Lageson's argument about the inherent unfairness in what occurred here is appealing but lacks legal merit. The statute simply provides no mechanism for what he wishes to achieve. It is up to the General Assembly, not this court, to provide the remedy if there is problem with the statute. And Lageson was not "overcharged' as the state had a factual basis to charge him with drug trafficking.

{¶ 25} For the reasons stated, this court sustains the state's sole assignment of error. This court reverses the decision of the trial court and remands with instructions to the lower court to proceed with sentencing Lageson on his conviction for permitting drug abuse.

{¶ 26} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.