[Cite as *State v. Seawell*, 2020-Ohio-155.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO, :

    Appellant, : CASE NO. CA2019-05-050

: O P I N I O N
- vs - 1/21/2020

:

JESSIE J. SEAWELL, :

    Appellee. :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34975


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellant

Ben M. Swift, P.O. Box 49637, Dayton, Ohio 45449, for appellee


**PIPER, J.**

{¶ 1}   Appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas granting intervention in lieu of conviction ("ILC") to appellee, Jessie Seawell.

{¶ 2}   Seawell filed a motion for ILC after he was indicted on four counts of illegal assembly or possession of chemicals for the manufacture of drugs, each third-degree felonies.  The trial court ordered an ILC assessment, and the state objected to the possibility

of ILC asserting that Seawell was ineligible according to the ILC statute. The trial court held a hearing and determined that Seawell was statutorily eligible. The trial court then accepted Seawell's guilty pleas to the charges against him and ordered ILC, including outpatient drug, alcohol, and mental health treatment. The state now appeals the trial court's decision, raising the following assignment of error:

{¶ 3} SEAWELL WAS NOT ELIGIBLE FOR INTERVENTION IN LIEU OF CONVICTION ("ILC") UNDER R.C. 2951.041(B). THE TRIAL COURT DID NOT HAVE AUTHORITY TO GRANT HIM ILC.

{¶ 4} The state argues in its assignment of error that the trial court erred in granting Seawell ILC because he was ineligible for such.

{¶ 5} Generally, a trial court's decision relative to an offender's motion for ILC is reviewed for an abuse of discretion. *State v. Flanagan*, 12th Dist. Butler No. CA2002-05-120, 2003-Ohio-1444. However, a trial court's interpretation and application of the statutory eligibility requirements for intervention is a matter of law subject to a de novo review. *State v. Casto*, 12th Dist. Clermont No. CA2008-08-033, 2009-Ohio-791, ¶ 12.

{¶ 6} The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969. This court must first look to the plain language of the statute to determine the intent. *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). When the statute's meaning is unambiguous and definite, we apply the statute as written and no further interpretation is necessary. *Id.*

{¶ 7} We find that the language of the ILC statute is not ambiguous, and thus look to its plain language. In order to qualify for ILC, the defendant must meet each of the ten requirements set forth in R.C. 2951.041(B)(1) thru (10). Among these, and according to R.C. 2951.041(B)(2), an offender is not eligible for ILC if the offense to which he or she ultimately

pleads guilty involves a felony of the first, second, or third degree. According to R.C. 2951.041(B)(3), the offender must also not be *charged* with specific enumerated offenses, such as a violation of R.C. 2925.02, R.C. 2925.04, or R.C. 2925.06. Nor can the offender be charged with a violation of R.C. 2925.03 that is a felony of the first, second, third, or fourth degree. Nor can the offender be charged with a violation of R.C. 2925.11 that is a felony of the first or second degree.

{¶ 8} Given the plain language of the statute, R.C. 2951.041(B)(3) does not implicate the offense to which an offender ultimately pleads, but rather, only concerns the offense with which the offender was originally charged. Accordingly, an offender who has been originally charged with any of the offenses specified in R.C. 2951.041(B)(3) may not qualify for ILC even if the charges are later amended or the offender pleads guilty to some other charge not specified in the (B)(3) subsection.

{¶ 9} The record indicates that Seawell was charged with four counts of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A) and that he pled guilty to each. While the *charges* against him did not render him ineligible under R.C. 2951.041(B)(3), as they are not enumerated in the subsection, his guilty plea to the four charges do render him ineligible under R.C. 2951.041(B)(2), which expressly states that the offense cannot be a first, second, or third-degree felony.

{¶ 10} Seawell argues that recent changes to the ILC statutory scheme make him eligible for ILC because subsection (B)(3) no longer renders an offender charged with a third-degree possession charge ineligible for ILC. Seawell asserts that this change shows that the legislature had the intent to make a specific exception for third-degree felony possession charges, which would be rendered ineffectual because of the (B)(2) exclusion of all third-degree felonies. However, and as stated above, (B)(2) is specific to the offenses to which

one pleads guilty while (B)(3) is specific to the charges brought against an offender regardless of his or her ultimate plea.

{¶ 11} Moreover, and despite changes made to the statute, the legislature chose not to remove the requirement stated in R.C. 2951.041(B) that the offender meet "all of the" ten enumerated requirements, including the one listed in subsection (B)(2) that the offense not be of the first, second, or third degree. As such, we find the trial court erred in determining that Seawell was eligible for ILC. We therefore sustain the state's assignment of error, reverse the grant of ILC, and remand so that the case against Seawell may continue accordingly.

{¶ 12} Judgment reversed, and the cause is remanded for further proceedings.

RINGLAND, P.J., and M. POWELL, J., concur.