[Cite as *State v. Schneider*, 2025-Ohio-4625.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,

    Appellee,                           :

vs.                                 :

KEIRSTIN SCHNEIDER,        :

    Appellant.                      :

                                        :

CASE NO. CA2025-05-044

<u>OPINION AND</u>
<u>JUDGMENT ENTRY</u>
10/6/2025


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2024-12-1888


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.


# **O P I N I O N**


**PIPER, J.**

{¶ 1} Appellant, Keirstin Schneider, appeals the decision of the Butler County Court of Common Pleas denying her request for intervention in lieu of conviction ("ILC")

upon finding she was not statutorily eligible for ILC. For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2} On January 22, 2025, the Butler County Grand Jury returned an indictment charging Schneider with one count of fourth-degree felony failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). The charge arose after Schneider was alleged to have taken law enforcement officers on a high-speed chase for approximately 16 minutes. During this time, Schneider was alleged to have disregarded numerous traffic lights, drove the wrong way on a one-way street, and reached speeds more than 70 mph in a 35-mph speed zone.

{¶ 3} On February 10, 2025, Schneider filed a request for ILC. Following a hearing, on April 7, 2025, the trial court issued a decision denying Schneider's request for ILC. In so doing, the trial court stated:

> Under R.C. 2951.041(B)(10), Defendant is not eligible for ILC. She was charged with an offense that requires a driver's license suspension. That renders her being disqualified from operating a commercial motor vehicle because, per R.C. 4506.06, a temporary instruction permit cannot be issued to her without a valid driver's license.

Upon the trial court denying Schneider's request for ILC, Schneider then entered a plea of no contest to the indictment as charged and was found guilty.

{¶ 4} On May 5, 2025, the trial court held a sentencing hearing where it sentenced Schneider to community control for a period of five years. Shortly thereafter, on May 13, 2025, Schneider filed a notice of appeal. Schneider's appeal was submitted to this court for consideration on September 4, 2025. Schneider's appeal now properly before this court for decision, Schneider has raised one assignment of error for review.

**Schneider's Single Assignment of Error**

{¶ 5}   THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED SCHNEIDER'S MOTION FOR ILC.

{¶ 6}   In her single assignment of error, Schneider argues the trial court erred by finding she was not statutorily eligible for ILC because she could not, as a matter of law, satisfy the condition set forth in R.C. 2951.041(B)(10). Schneider's argument lacks merit.

*De Novo Standard of Review Applies*

{¶ 7}   "Generally, a trial court's decision relative to an offender's motion for ILC is reviewed for an abuse of discretion." *State v. Seawell*, 2020-Ohio-155, ¶ 5 (12th Dist.). However, because a trial court's interpretation and application of the statutory eligibility requirements for ILC presents a question of law, "[t]his court conducts a de novo review of whether an accused is statutorily eligible for ILC." *State v. Panzeca*, 2020-Ohio-326, ¶ 46 (12th Dist.). This means "we independently review the record and give no deference to the court's interpretation of the ILC statute." *State v. Lageson*, 2019-Ohio-919, ¶ 12 (12th Dist.). Therefore, rather than an abuse of discretion standard, this court applies a de novo standard of review when determining whether a trial court erred by finding the accused was not statutorily eligible for ILC.

*R.C. 2951.041(B) and the Statutory Eligibility Requirements for ILC*

{¶ 8}   R.C. 2951.041(B) sets forth the conditions that must be met before an offender may be considered statutorily eligible for ILC. *State v. Birch*, 2012-Ohio-543, ¶ 30 (12th Dist.). One of those conditions, R.C. 2951.041(B)(10), requires the offender not be "charged with an offense that would result in the offender being disqualified" under R.C. Chapter 4506 "from operating a commercial motor vehicle or would subject the

offender to any other sanction under that chapter."

{¶ 9}    Pursuant to R.C. 2921.331(E), a charge of fourth-degree felony failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) includes a requirement that the trial court suspend the offender's driver's license for a period of three years to life. A person applying for a commercial driver's license temporary instruction permit must hold a valid driver's license. R.C. 4506.06(A). A commercial driver's license temporary instruction permit is a prerequisite for receiving "[a]n initial issuance of a commercial driver's license when a skills test is required." R.C. 4506.06(A)(1). Consequently, given the plain language of the statutes involved, an offender who has been charged with fourth-degree felony failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) is not statutorily eligible for ILC. This is because the offender cannot, as a matter of law, satisfy the condition set forth in R.C. 2951.041(B)(10).

*Schneider's Argument and Analysis*

{¶ 10} Schneider argues that "qualifying circumstances exist" that justify the trial court granting her request for ILC. However, as set forth above, an offender who has been charged with fourth-degree felony failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B) is not statutorily eligible for ILC. This is because the offender cannot, as a matter of law, satisfy the condition set forth in R.C. 2951.041(B)(10). That statute requires the offender not be "charged with an offense that would result in the offender being disqualified" under R.C. Chapter 4506 "from operating a commercial motor vehicle." Schneider was charged an offense that would result in her being disqualified under R.C. Chapter 4506 from operating a commercial motor vehicle

pursuant to R.C. 4506.06(A). Therefore, the trial court did not err by finding Schneider was not statutorily eligible for ILC given that she could not, as a matter of law, satisfy the condition set forth in R.C. 2951.041(B)(10).

{¶ 11} There is nothing "premature" or speculative about the trial court's decision as Schneider suggested in her appellate brief. The trial court, just like this court on appeal, applied the plain language of the statutes involved. In so doing, this court's main objective was to give effect to the legislative intent behind the ILC statutory framework. *State v. Straley*, 2014-Ohio-2139, ¶ 9. To accomplish this objective, we first looked at the language of the statutes themselves. *State v. Jordan*, 2000-Ohio-225, ¶ 17. We then applied the clear and unambiguous language of those statutes as written. *State v. Ashcraft*, 2022-Ohio-4611, ¶ 7. Applying those statutes, the trial court had no choice but to determine that Schneider was not statutorily eligible for ILC. To the extent Schneider argues otherwise, such argument lacks merit.

## Conclusion

{¶ 12} For the reasons outlined above, and having found no merit to any of the arguments raised by Schneider, Schneider's single assignment of error is overruled.

{¶ 13} Judgment affirmed.


BYRNE, P.J., and SIEBERT, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge


/s/ Robin N. Piper, Judge


/s/ Melena S. Siebert, Judge